NATHANIEL R. BRONSON *vs.* THE TOWN OF WASHINGTON.

Hartford Dist., Jan. T., 1889.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Gen. Statutes, § 2697, provides that the selectmen of every town shall erect and maintain necessary guide posts for the direction of travelers; and § 2698 provides that "every town which neglects or refuses to erect or maintain guide posts as required by law, or suitable substitutes therefor, shall forfeit annually five dollars" for each case of neglect.  Held that the selectmen, in the discharge of the duty imposed upon them by the former section, are the agents of the town, and that the town is liable for the penalty imposed by the latter section for the neglect of the selectmen in the matter.

In a qui tam action against the town for the penalty, the only averment of the neglect in the complaint was that the town had neglected to maintain a guide post at a certain place.  Held to be sufficient without an averment that the selectmen had neglected to do it.

And held that an averment that the town neglected was sufficient, without averring that the town was requested and refused; the statute making the town liable if it neglects or refuses.

[Argued January 18th—decided March 14th, 1889.]

QUI TAM action to recover a penalty for not maintaining a guide post on a public highway; brought, by appeal from the judgment of a justice of the peace, to the District Court of Waterbury.  The defendant demurred to the complaint, and the court (*Bradstreet, J.,*) sustained the demurrer, and rendered judgment for the defendant.  The plaintiff appealed to this court.  The case is fully stated in the opinion.

*N. R. Bronson* and *R. E. Hall*, for the appellant.

*G. A. Hickox* and *A. D. Warner*, for the appellee.

BEARDSLEY, J. This is a *qui tam* action to recover a penalty. The plaintiff appeals from an adverse judgment in the District Court of Waterbury.

The complaint alleges that a place situated in the town of Washington, (describing it,) is a convenient and necessary place for the erection and maintenance of a guide post for the direction of travelers; and that on the 3d day of November, 1887, the town neglected, and had neglected for the space of one year prior to said day, to maintain a guide post or substitute therefor, as required by law, at such place or within a reasonable distance therefrom. The defendant demurred to the complaint in the court below upon the following grounds:—

1st. That the law does not require the defendant to erect or maintain guide posts, except at such places as they may have been heretofore lawfully located at by vote of the defendant town or by the appropriate action of its selectmen; and that it does not appear from the complaint that a guide post has ever been so lawfully located and established at the place in the complaint mentioned.

2d. That if the town has power, however, to locate as well as to erect and maintain guide posts, such location involves a discretion on its part, and it can only be punished in case of a willful neglect of duty, or in case of a refusal of action on due request; neither of which is alleged.

3d. That the law does not authorize or require the defendant to locate, erect or maintain guide posts; that is the duty of the selectmen of the town acting as agents of the law and not of the defendant; and that in locating, erecting or maintaining guide posts the selectmen are not under the control of the defendant, and it cannot lawfully be punished for their neglect.

4th. That the complaint nowhere alleges that the selectmen of the defendant town did not erect and maintain a

guide post for the direction of travelers at the place mentioned.

The assignment of errors is in substance that the court below held the complaint insufficient for the several reasons stated in the demurrer.

At the time when this action was brought the only statutory provisions referring to the erection of guide posts were found in the revision of 1875, page 235, section 27, which provided that the selectmen of every town should erect and maintain a guide post at every necessary or convenient place, for the direction of travelers, which should be a substantial post, etc; and page 526, section 2, which is as follows: "Every town which neglects or refuses to erect and maintain guide posts as required by law, or suitable substitutes therefor, shall forfeit annually the sum of five dollars for every such post." This latter provision is the one upon which this action is brought. The same provisions are still in force and are found in juxtaposition in the revision of 1888, sections 2697, 2698.

But in order to understand the defendant's claim, it is necessary to refer to the next earlier provision on the same subject, which is found in the revision of 1866, pages 125 and 126, sections 164 to 168 inclusive. By sections 164, 167 and 168 it is made the duty of towns to erect and maintain guide posts of a specified description at such places as are necessary and convenient for the direction of travelers, or suitable substitutes for the same, and a penalty is imposed upon a town which refuses or neglects to do so. By section 165 it is made the duty of the selectmen to report at each annual meeting of the town, all the places at which guide posts are erected and maintained, and all places at which, in their opinion, they ought to be erected and maintained, and imposes a penalty upon them for neglecting to do so. By section 166 it is provided that upon the report of the selectmen being made, the town under a penalty shall determine the several places at which guide posts shall be erected and maintained, which shall be recorded; and it is further provided that upon any trial for not erecting or maintaining

guide posts, reported to be necessary by the selectmen, the town shall be estopped to deny that such posts are required.

The defendant claims that by the provision making it the duty of the selectmen to erect guide posts at places where they are required, they are made public agents to perform a duty of a quasi judicial nature, and that it would be unjust and a violation of established principles to so construe the statute as to make the town liable for their errors of judgment; and claims that the two sections of the present act, one instructing the selectmen and the other requiring the town to erect guide posts, should be reconciled by holding that so much of the old act remains in force as requires towns to erect posts at places which have been determined upon by it, while the selectmen are to erect them at all other necessary and convenient places; and therefore claims that the complaint is insufficient for want of an averment that the town had designated the place in question as a site for a post. The defendant's argument is, that in the clause "every town which neglects or refuses to erect and maintain guide posts as required by law, or suitable substitutes therefor," the expression "as required by law" may properly be construed as referring to the old law, and so continue in force the provision referred to.

We think it is quite apparent that this language refers merely to the description of the posts to be erected as specified in the former section. This is shown by the words "or suitable substitutes therefor," which follow the words "as required by law." Besides, the earlier statute was unconditionally repealed by the general repealing act in the revision of 1875, and the new and comparatively simple and direct act now in force was substituted for it.

By it the written designation of sites by the town is dispensed with, and the selectmen are to go forward and erect posts without any prior direction from the town, and in the exercise of their own judgment, but are not subject to any penalty or loss if they do not do so. It is apparent that such a provision might have been quite inadequate.

The town therefore is made the responsible party. To

protect itself from liability it must see to it that the select-
men act promptly, and that the posts erected are proper
ones and adequate to the needs of the public. The town is
the responsible public agent. The selectmen, while in a sense
they are agents for the public, are in a stricter sense agents
of the town for which they are acting. The town is not un-
reasonably presumed to know at what points guide posts are
needed.

The statute makes the town liable, not as claimed by the
defendant for an error in judgment of the selectmen, but
for its own neglect of duty.

The defendant claims that the complaint is insufficient
because it does not allege that the selectmen did not erect
a post at the place referred to. That allegation is in effect
involved in the one charging the town with neglect. The
town could not be guilty of neglect if the selectmen had
erected a sufficient post.

The defendant also claims that the complaint is insuffi-
cient because it alleges merely the neglect of the town to
erect the post and does not allege that the town was re-
quested to act and refused. The statute is in the alterna-
tive—that the town shall be liable if it neglects or refuses,
and we see no reason why it should be alleged that it does
both.

The defendant claims that the case of *Waterbury* v. *Da-
rien*, 8 Conn., 163, and 9 Conn., 256, sustains this claim.
That case seems to be a distinct authority against it. The
case as first reported does not affect the question. It was
a petition for a highway against a town, the statute then
in force providing that such petition might be brought if
the selectmen either neglected or refused to lay it out.
There was no allegation in the petition that the selectmen
either neglected or refused to lay it out, and this court held
that for that reason the county court to which it was
brought, had no jurisdiction of the case. Another petition
was then brought, in which it was alleged that the select-
men had neglected and refused to lay out the road, and also
that on a certain day they had been requested to lay it out.

The defendant claimed that the petition was insufficient because it was not alleged by whom the request was made. Commenting upon this claim WILLIAMS, J., says: "In a former case between these parties there was no allegation that the selectmen had neglected or refused to lay out a highway, nor did it appear that any application was made to them. This was held to be insufficient. To avoid this error the draftsman has now not only averred that the selectmen have neglected and refused, but that a special demand was made upon them at a certain time and place. It is now claimed that he should have gone further and shown by whom it was made. I think that he has done already more than he was bound to do, and that the allegation of a special demand was unnecessary and may be rejected. It is said that neglect implies something more than mere omission. * * * That the statute intended something more than omission I do not doubt, and something more than omission must be proved. But it does not therefore follow that a formal request must be made."

We observe that in the head note of this case it is said that an averment in a petition for a highway that the selectmen of the town neglected *and* refused to lay it out, is indispensable. This is a mistake due probably to the inadvertence of the reporter. It should have read neglect *or* refusal.

The judgment is erroneous.

In this opinion the other judges concurred.