SUSAN ANDERSON vs. TOWN OF NEW CANAAN.

Third Judicial District, New Haven, January Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

Sections 2697 and 2698 of the General Statutes provide that any town which neglects or refuses to erect and maintain a guide-post at every " necessary or convenient place," for the direction of travelers, etc., shall forfeit annually $5.00 for every such post. *Held,* in an action to recover the penalty, that whether the place at which the plaintiff claimed a guide-post should be erected or maintained was a "necessary or convenient" one, within the meaning of the statute, would ordinarily be a question of fact determinable by the trier upon all the evidence in

the case, and therefore not reviewable by this court on appeal. *Held* also, that even if the conclusion reached by the trial court in the present case be regarded as one of law, it was fully justified by the subordinate facts detailed in the finding.

The plaintiff claimed that in the trial of the case before the justice, judgment was rendered for the defendant on the ground that the places in question were not highways, and in the appellate court, because although highways, they were not "necessary or convenient" places for guide-posts. *Held* that the latter judgment was not a "more favorable judgment" for the plaintiff, within the meaning of §1121 of the General Statutes.

[Argued January 15th—decided March 5th, 1895.]

ACTION to recover the penalty prescribed by § 2698 of the General Statutes, for neglecting to erect and maintain necessary and convenient guide-posts; brought originally before a justice of the peace and thence by plaintiff's appeal to the Court of Common Pleas in Fairfield County, and tried to the court, *Curtis, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Joseph A. Gray,* for the appellant (plaintiff).

*John H. Light,* for the appellee (defendant).

TORRANCE, J. This is a *qui tam* action brought under § 2698 of the General Statutes, to recover penalties for the neglect and refusal of the defendant town to erect and maintain guide-posts at certain points in the highways in said town, described in the complaint.

The complaint contains two counts, and the case was first tried before a justice of the peace in the defendant town upon a general denial; the court found the issues for the defendant, rendered judgment for it, and the plaintiff brought the case by appeal to the Court of Common Pleas. In that court the case was tried upon the pleadings as they stood in the justice court, the issues were found for the defendant, and judgment rendered in its favor for full costs. From

that judgment the present appeal was taken, and the errors assigned are three in number, namely: first, in holding, upon the facts found, that "neither of the places described in the two counts of the complaint was a necessary or convenient place at which to locate guide-boards under the statute;" second, in holding "that because the defendant had permitted the highways described in the complaint to get out of repair, and remain so out of repair, they were not required to place guide-boards at the places described in the complaint"; and third, in rendering judgment for the defendant to recover costs upon the appeal, when, as the plaintiff claimed, she had "recovered a more favorable judgment, and a different judgment on her appeal."

Section 2697 of the General Statutes provides as follows: "The selectmen of every town shall erect and maintain a guide-post, at every necessary or convenient place, for the direction of travelers" etc.; and § 2698 provides that "every town which neglects or refuses to erect and maintain guide-posts, as required by law, or suitable substitutes therefor, shall forfeit annually five dollars for every such post" etc. Under this latter section a town is liable for the refusal or neglect of its selectmen to erect and maintain guide-posts, as required by the former section. *Bronson* v. *Town of Washington*, 57 Conn., 346.

In the case at bar the court below made, strictly speaking, no finding of facts, but it has stated in writing on the margin of each paragraph of the separate written requests for a finding made by the plaintiff and the defendant, the claimed facts which it found to be proven or not proven. These requests, with the marginal statements of the court, were treated by the parties as a formal finding by the court, and although this is irregular, we will treat the claimed facts as if they were embodied in a formal finding.

The court below found that four of the roads described in the complaint were public highways of the defendant town. It also found that "the places specified in the complaint are not necessary or convenient places to erect and maintain guide-posts for the direction of travelers.

In cases of this kind, the question whether the place at which it is claimed a guide-post should be erected or maintained, is a "necessary or convenient" one within the meaning of the statute, will ordinarily be one of fact so called, to be determined by the trier upon consideration of all the evidence in the case bearing upon the main question ; and in such cases, upon an appeal to this court, the record would, ordinarily, present no question of law for review.

If the above conclusion reached by the court below is to be regarded as a conclusion of fact in this sense, then it cannot be reviewed by this court upon this record. But the court below has found in detail certain subordinate facts, and the plaintiff claims that the above conclusion is one based entirely upon them as a conclusion of law, which can be reviewed by this court. That the record, in some cases of this kind, might so present the facts that a conclusion based thereon similar to the one in question would be regarded by this court as one of law, is undoubtedly true ; but conceding this, and further, for the sake of argument, that the conclusion in question is one of law, it does not help the plaintiff ; for even on this view of the matter, we think the facts found justified the court as matter of law in making the finding in question. This disposes of the first assignment of error.

As to the second assignment of error, we think there is no foundation for it in the record.

With reference to the third assignment the claim of the counsel for the plaintiff appears to be this : he says that the issues in the justice court were, first, whether the roads described in the complaint were public highways; second, whether the places described in the complaint were necessary or convenient places at which guide-posts should be erected ; that in the justice court the first point was found against the plaintiff, and judgment was rendered against her on that account; while in the Court of Common Pleas this point was found in her favor, and judgment was rendered against her for failure to prove the other point ; and from this he claims that the latter judgment is a " more favorable " one,

within the meaning of § 1121 of the General Statutes. This claim is clearly not tenable. It was incumbent on the plaintiff in order to succeed in her suit to prove both of said points in both courts. Failure to prove one was as fatal to success as failure to prove both. Unless she proved both points in the upper court, its judgment must necessarily be the same as that of the justice court, namely a judgment against her for costs ; and that judgment is not a " more favorable " one within the meaning of the statute.

There is no error.

In this opinion the other judges concurred.