CHARLES W. FLANDERS <em>vs.</em> DEXTER A. HALL.

Suffolk.    March 31, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity — Plea — Bill to Redeem — Res adjudicata — Mortgage — Foreclosure.*

It is a bar to a bill in equity to redeem land from a mortgage, that previously, upon
   another bill between the same parties or their privies, seeking to redeem the
   same land, the court, after a hearing upon the merits and a failure of the
   plaintiff to comply with the order for redemption, entered a final decree dismis-
   sing the bill; and the fact that the defendant, after the entry of such decree,
   advertised the land for sale under a power contained in the mortgage does not
   open the foreclosure effected by the decree.

BILL IN EQUITY, filed in the Superior Court on September 1,
1892, alleging that the plaintiff was the owner of four parcels
of land in Chelsea; that upon each parcel there was a mortgage,
the one on the first parcel having been given by the plaintiff
to the defendant, and the latter claiming to be the assignee
of the others; that on the second parcel there was also a prior
mortgage, of which the defendant claimed to be the assignee,
and under which he had entered into possession of the premises
and taken the rents and profits; that the parcels were of greater
value than the mortgages on them, and the plaintiff was willing

and had offered to redeem the same, and had demanded of the defendant an account of the sums due on the mortgages, which the defendant had not given him; that under the powers of sale contained in the four mortgages first described, the defendant had advertised the premises for sale by public auction on September 2, 1892; and that after such advertisement the plaintiff again demanded of the defendant an account, which the defendant refused to state. The plaintiff offered to pay the defendant what should be found due on the mortgages; and prayed for an account, for a decree that, upon payment of the amount so found due, the plaintiff should have possession of the premises discharged of the mortgages, and for an injunction restraining the proposed sales.

The defendant filed a plea, alleging that, on February 4, 1889, the plaintiff filed a bill in equity in the Superior Court against this defendant to redeem the parcel of land first described in the present bill from the mortgage; that on the same day the plaintiff filed in that court a bill against the mortgagee in the third mortgage above described to redeem the land therefrom, and the mortgagor in the second and fourth mortgages above described also filed a bill against the mortgagee therein to redeem the parcels of land therefrom; that before the hearing on these bills the mortgagee in the second, third, and fourth mortgages died, and the present defendant was his only heir and next of kin, and the sole legatee under and executor of his will; that the plaintiff's title, if he had any, to either of the parcels described in the second, third, and fourth mortgages had been derived from the mortgagor therein since the pendency of those bills and with full knowledge thereof; that those bills were tried together at the January sitting, 1891, of the Superior Court, and a decree was entered in each case on April 6, 1891, giving the plaintiff leave to redeem the land from the mortgages upon payment of the sums due thereunder, with interest and costs, within sixty days from the date of each decree; and that on January 30, 1892, the plaintiff, not having complied with the decrees, the cases were further heard and a final decree entered in each case dismissing the bill with costs.

The plea was adjudged good, and the bill dismissed; and the plaintiff appealed to this court.

*H. G. Sleeper*, for the plaintiff.

*F. L. Hayes*, for the defendant.

KNOWLTON, J.    This case was heard on the bill and plea, the facts set out in the plea being taken as true.    *Perkins* v. *Nichols*, 11 Allen, 542.    *American Carpet Lining Co.* v. *Chipman*, 146 Mass. 385.

It appears from the plea that all the matters stated in the present bill have been heard on other bills between the same parties or their privies, and that after decisions on the merits and the failure of the plaintiffs in those suits to avail themselves of their rights as determined and defined by the court, final decrees were entered dismissing the bills, with costs for the defendant.    These decrees effectually foreclosed the mortgages. The decrees fixing a time within which the plaintiffs might redeem were in proper form, and on the failure of the plaintiffs to pay the amounts due within the time prescribed, their rights to redeem were lost.    *Stevens* v. *Miner*, 110 Mass. 57.    *Dennett* v. *Codman*, 158 Mass. 371, and cases cited.    The former adjudications are, therefore, a complete bar to the present suit.

The contention that the defendant, by advertising the property under the powers of sale in several mortgages, has opened the foreclosure, is not well founded.    By the decrees in former suits his title became absolute, and nothing has been done by either of the parties which changes his relation to the other, or which affects his legal rights.                    *Decree affirmed.*