### THOMAS O'DONNELL vs. SARGENT AND COMPANY.

Third Judicial District, New Haven, June Term, 1897.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A defendant who refuses to plead over after his demurrer to the complaint
has been overruled, is not deprived of his right to controvert such rul-
ing upon an appeal from a final judgment against him upon a hearing
in damages.

If a cause of action may be proved, consistently with the rules governing
the admission of evidence, under the averments of a complaint de-
murred to as radically defective, the demurrer should be overruled.

Accordingly where the plaintiff, an employee of the defendant, alleged
that he was injured by a fall while oiling the defendant's machinery in
the line of his duty and in the exercise of due care; that the ladder fur-
nished for his use was unsuitable and unsafe in not having spikes, prods
or other means to prevent its slipping on the floor, and that the agents
and servants of the defendant, and the defendant itself, had carelessly
and wantonly removed and taken away the prods and spikes formerly
in the ladder, in consequence of which it fell,—it was *held* that under
these averments it was possible for the plaintiff to prove that the de-
fendant, having originally supplied a proper ladder for the plaintiff's
use, suddenly, and without any warning or notice to him, removed the
spikes and created the very danger which resulted in the plaintiff's in-
jury; and therefore the demurrer to the complaint was properly over-
ruled.

[Argued June 2d—decided July 13th, 1897.]

ACTION to recover damages for personal injuries claimed
to have been caused by the negligence of the defendant,
brought to the Superior Court in New Haven County and
heard in damages to the court, *Shumway, J.*, after a demur-
rer to the complaint had been overruled by *Ralph Wheeler, J.;*
facts found and judgment rendered for the plaintiff for nom-
inal damages, and appeal by the defendant for alleged errors
of the court in overruling the demurrer.  *No error.*

The allegations of the complaint were as follows:—
"1. On and prior to January 16th, 1894, the defendant was
engaged in carrying on a manufacturing business in the city
of New Haven, in said town of New Haven, and for the pur-
pose of propelling its machinery owned, controlled, managed

and ran a large steam engine, connected with which was a line of heavy shafting in the upper part and near the ceiling of the room in which said engine was located, and said line of shafting was situated about twenty feet from the flooring of said engine room, and was accessible and could be reached only by a ladder, with one end thereof resting on the floor of said room and the other end against said shafting; and in order to keep said shafting in running order it was necessary to oil the same at least twice every twenty-four hours, and said oiling could be done only by climbing up upon said ladder placed as aforesaid; and the defendant had the exclusive control and management of said engine and shafting, and provided the ladder to be placed as aforesaid for the purpose of oiling said line of shafting, and it was the defendant's duty to provide a suitable ladder so made that the same would be safe to climb upon, and with the lower end of it so provided with sharp points or spikes that the same would not and could not slip when placed on the floor of said engine room as aforesaid. 2. On said 16th day of January, 1894, the plaintiff was employed by the defendant as fireman to attend said engine, and as a part of his work as such fireman he was directed and ordered by the defendant to oil said line of shafting at its bearings every morning just before 7 o'clock, and every noon between the hours of 12 and 1 o'clock in the afternoon, and to oil the same by placing the ladder provided by the defendant upon the floor of said engine room, with the top of said ladder resting against said line of shafting and against the wooden beam just under said shafting, according as the bearings to be oiled could be made most accessible, and the defendant supplied the ladder on which the plaintiff had to climb to do said oiling. 3. On said 16th day of January, 1894, the said ladder provided by the defendant was unsafe, unsuitable and unfit to climb upon to oil said line of shafting as aforesaid, in that it was not provided with any sharp points, spikes, prods, or any other suitable means to prevent its slipping on the floor of said engine room when placed in position to oil said line of shafting, and in that the agents, servants and employees of the defendant and the defendant had care-

lessly and wantonly removed, broken, cut off and taken away
the spikes and prods which had formerly been in the lower
end of said ladder, and the floor of said engine room was
hard and worn smooth, so that the ladder provided by the
defendant could not stand safely upon said floor, unless
properly provided with prods and spikes in the lower end
thereof to keep said ladder from slipping.    4. On said 16th
day of January, 1894, the plaintiff while under orders as
aforesaid, to oil said line of shafting, climbed upon said lad-
der while placed in the ordinary position necessary and con-
venient to do said work, and without any fault or negligence
on the part of the plaintiff, and while using ordinary and rea-
sonable care, the foot or lower end of said ladder suddenly
slipped and moved outwards upon said floor, thereby pulling
the upper end off its resting and bearing, and thereby caus-
ing said ladder to fall flat upon said floor while the plaintiff
was on the upper part of the same, engaged in oiling said
shafting, and thereby the plaintiff fell and was thrown upon
the floor of said engine room a distance of about eighteen
feet.    5. By reason of said fall the plaintiff hit his left foot
upon the floor of said engine room with great force, and
thereby bruised, strained, wrenched, twisted and severely
injured his left ankle and foot and the cords and muscles
thereof, so that the said ankle became weak, lame and
swollen and very painful to the plaintiff, and the plaintiff
was weak, sick and lame for a long time thereafter, to wit,
for the period of seven months, and unable to walk, stand
or attend to any of his ordinary business; and said injury
is permanent and incurable, and the plaintiff has suffered
and still does suffer great pain from the same, and the plain-
tiff has expended large sums of money in endeavoring to cure
himself of said injuries, to wit, the sum of $200.    6. The plain-
tiff at the time of said injury was a fireman and capable of
earning and earning the sum of $11 per week, and ever since
said injury the plaintiff has been unable to perform any of
the duties or do any of the work of a fireman, and on ac-
count of said injuries now is and will always remain unable

to do or to perform any of the work or duties of a fireman. The plaintiff claims $5,000 damages."

The defendant demurred to the complaint, because: " 1. The alleged supposed defects in the ladder and the alleged condition of the floor of the engine room, all as described in the third paragraph of the complaint, were obvious to the plaintiff at the time of the injury complained of, and he knew of the same, or ought to have known of the same, and he had equal and the same means of knowledge with the defendant of any danger arising from such supposed defects, and he was bound to judge for himself of the danger of climbing the ladder at the time of said injury, and took upon himself whatever risks were incurred in the use of said ladder. 2. Upon the facts stated in the complaint, the plaintiff was guilty of negligence materially contributing to the injury. 3. It being alleged in the third paragraph of said complaint that the agents, servants, and employees of the defendant had carelessly and wantonly removed, broken, cut off, and taken away the spikes and prods which had formerly been in the lower end of said ladder, it appears that the injury of the plaintiff was caused by the negligence of the fellow-servants of the plaintiff; and in so far as it is alleged that such spikes and prods were removed, broken, cut off and taken away by the defendant, the defendant had the right to judge for itself what sort of ladders, as well as floors, it would use in its business, and the plaintiff had full knowledge, or means of knowledge, of the circumstances and facts about such ladder and floor, and in entering the employ of the defendant and undertaking to oil said line of shafting by the use of said ladder described in the complaint, the plaintiff assumed all the risks of such service arising from the supposed defects (but obvious, if so,) in said ladder and floor described in the complaint. 4. Upon the facts stated in the complaint the plaintiff has no right of action against the defendant, and is not entitled to the relief sought for in said complaint."

The trial court rendered the following judgment: " This action, by writ and complaint dated August 7th, 1894, claiming $5,000 damages, as on file, was duly served on the de-

fendant, as appears by the officer's return indorsed thereon, and came to this court on the first Tuesday of September, 1894, when the parties appeared, and the defendant filed its demurrer, as on file, and thence by continuance to the 15th day of February, 1895, when the parties appeared; and the court having heard the parties overruled said demurrer; and said case came thence to the 30th day of January, 1897, when the plaintiff appeared, but the defendant, being called, appeared not. And thereupon the defendant moved to be heard as to the damages to be assessed in said case. The court having heard the parties finds that the plaintiff has sustained damages, as alleged in his complaint, to the amount of twenty-five dollars, said amount being nominal damages. Whereupon it is adjudged that the plaintiff recover of the defendant twenty-five dollars damages, and his costs, taxed at $ ."

From this judgment the defendant appealed, alleging that "the court erred in overruling the demurrer of the defendant to the complaint of the plaintiff, and in overruling the several causes of demurrer therein alleged. It therefore prays for such relief as is provided by law in the premises."

*John W. Alling* and *James E. Wheeler*, for the appellant (defendant).

The case is properly before this court, as the plaintiff had no right of recovery against the defendant on the facts as alleged in his complaint. *Allen* v. *Woodruff*, 63 Conn. 374. If the demurrer had been sustained, the defendant would have recovered its costs of the plaintiff; and a question even of costs is reviewable in this court. *Richardson* v. *Hine*, 43 Conn. 201. On the record, the judgment against the defendant is erroneous, the defendant is aggrieved thereby, and it should be reversed. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372. The alleged defects in the ladder, and the alleged condition of the floor of the engine room, as described in paragraph 3 of the complaint, were obvious to the plaintiff at the time of the injury complained of, and he knew or ought to have known of the same, and no ignorance on his part is

alleged in the complaint.　He had equal and the same means of knowledge with the defendant, of any danger arising from such supposed defects.　He was to judge for himself of the danger of climbing the ladder at the time of the injury, and took upon himself whatever risks were incurred in the use of the ladder.　Bailey on Master & Servant, 180; *Kohn* v. *McNulta,* 147 U. S. 238; *Rooney* v. *Cordage Co.,* 161 Mass. 153; *Scharenbroich* v. *St. Cloud Fibre Ware Co.,* 59 Minn. 116; *Ragon* v. *Railroad,* 97 Mich. 265; *Day* v. *Railroad,* 137 Ind. 206; *Wood* v. *Heighes,* 83 Md. 257.　The case for the plaintiff is not improved by the allegation in the complaint, that the floor was worn smooth and hard, a fact, of course, perfectly obvious to the plaintiff.　We have found several "ladder" cases.　They are all one way, and no liability has been sustained in favor of a servant against the master in the use of a ladder.　*Marsh* v. *Chickering,* 101 N. Y. 396; *Corcoran* v. *Milwaukee Gas Co.,* 81 Wis. 191; *Jenney Elec. L. & P. Co.* v. *Murphy,* 115 Ind. 566; *Steinhauser* v. *Sprawl,* 27 L. R. A. 441; *Meador* v. *Lake Shore R. R.,* 138 Ind. 290; *Illinois Central R. R.* v. *Pummill,* 58 Ill. App. 83.　It is alleged in the third paragraph of the complaint that the agents, servants, and employees of the defendant, and the defendant, had carelessly and wantonly removed, broken off and taken away the spikes and prods which had formerly been in the lower end of the ladder; but still no cause of action is stated in behalf of the plaintiff.　There are only two interpretations to be put upon the language of the pleader at this point: (1) either that the spikes were removed from the ladder through the carelessness or negligence of the fellow servants of the plaintiff, and without the authority of the defendant; or (2) that the ladder was intentionally in just the condition that the defendant intended the plaintiff to use it.　In either event, the plaintiff could have no cause of action against the defendant.

*Charles S. Hamilton,* for the appellee (plaintiff).

This appeal is not properly before this court; a defendant cannot appeal from a default which he has suffered.

*Falken* v. *Housatonic R. R.*, 63 Conn. 258. The judgment overruling the demurrer decided that the complaint was sufficient. The defendant then had the option, 1st, to answer over; 2d, maintain his position in court and, failing to answer, the court would render a judgment against it in chief, and assess the damages on demurrer overruled; or, 3d, withdraw its appearance and let a judgment be entered by default, and then move to be heard in damages. This latter course was adopted by the defendant, and it thereby admitted that there was no defense to the action, and that it was conclusively liable for nominal damages. *Smith* v. *French*, 46 Conn. 239. It has been long settled law of this court that a judgment will not be reversed, or a new trial granted, to enable a party to recover or avoid nominal damages, or a bill of costs. *Whitman* v. *Winchester A. R. Co.*, 55 Conn. 247; *Briggs* v. *Morse*, 42 id. 258; *Gold* v. *Ives*, 29 id. 119; *Cooke* v. *Barr*, 39 id. 296; *Hull* v. *Bartlett*, 49 id. 64; *People's Savings Bank* v. *Norwalk*, 56 id. 547. But the reasons assigned as error in the appeal, are insufficient. Whether the defects in the ladder and in the floor of the room were obvious to the plaintiff, is a question of fact to be determined upon the production of the evidence, and cannot be decided as a matter of law in any particular case; nor can it be that from paragraph 3 of the complaint, alone, the entire sufficiency of the complaint can be tested. For aught that appears, the plaintiff may have been compelled to use said ladder so hastily and so soon after the change was made in it that he had no opportunity to examine or no cause to suspect that any change had been made in it; or he may have been compelled to use it in a room which was so poorly-lighted that he could not readily see that a change had been made. Whether, as a matter of fact, the prods were removed in the manner supposed, is a question of fact and cannot now be reviewed on a demurrer. *McAdam* v. *Central Ry. & Elec. Co.*, 67 Conn. 445; *Heenan* v. *Bridgeport Traction Co.*, ibid. 594; *Bunnell* v. *Berlin Iron Bridge Co.*, 66 id. 24.

ANDREWS, C. J. The appeal is properly here. The only

error assigned is that the court erred in overruling the defendant's demurrer to the complaint. At the common law, upon the overruling of a demurrer to a complaint judgment in chief went against the defendant. 1 Swift's Dig. (side page) 639; 1 Chitty on Pl. 701. In such a case, very clearly, a writ of error would lie from the judgment on the demurrer. According to our present practice an appeal will lie wherever a writ of error could be sustained. Our statutes, § 1014, allows a defendant, after the overruling of a demurrer, to plead over if he desires to do so. In this case the defendant declined to plead over and final judgment was rendered against it. But the refusal to plead did not take away the right to claim error in the ruling on the demurrer.

There is no error in the ruling of the Superior Court, unless the complaint is so defective that under its averments a valid judgment in favor of the plaintiff could not be proved consistently with the rules governing the admission of evidence. The defendant's assignment of error assumes, as also its argument contends, that the complaint is defective and insufficient to that extent. It is not very difficult to test this. Suppose the complaint, just as it is, to be denied, could a good cause of action be proved? Evidence to prove all the facts put in issue would be admissible; also to prove all relevant facts, and all facts necessary to introduce or explain the facts in issue, or the relevant facts. It would then be competent to prove under the averments in the complaint, that the plaintiff was in the employ of the defendant on the day named; that he had been so employed for some time previous to that day; that a part of his employment was to oil the shafting as set forth; that the ladder he had used for that purpose, at all times previous to that day, had been supplied with spikes or prods at its lower end so as to prevent its slipping; that " the agents, servants and employees of the defendant *and the defendant* had carelessly and wantonly removed, broken, cut off and taken away the spikes and prods which had formerly been in the lower end of said ladder;" and that this had been done since the plaintiff had last used the said ladder, and without giving him any notice

of such removal—because it is alleged that the plaintiff was without fault or negligence on his part—and that by reason of such removal the ladder slipped and plaintiff fell and was injured.

These facts would establish a good cause of action in favor of the plaintiff. If the defendant itself removed the prods, it was in duty bound to notify the plaintiff of that fact; and without such notice he was justified in believing that the ladder was in the same condition as when he had last used it. He had no occasion to examine it that morning before he went up on it to oil the machinery.

An employer is bound to furnish his servant with a reasonably safe place in which to do his work. He is bound to provide tools and appliances which are free from secret defects. If he does this he is not liable to the servant. If he does not do this, or if he does not point out the defects, and injury ensue to the servant, then the employer is liable; and much more so if the employer has himself created the danger which causes the injury.

There is no error.

In this opinion the other judges concurred.