THEODORE E. ROGERS *vs.* PHILIP E. HENDRICK.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The reversal of a judgment upon writ of error, and the remanding of the case for further proceedings, restores the parties to the condition in which they were before the erroneous judgment was rendered.

A judgment dismissing an action on the merits is a bar to any further suit on the same cause of action between the parties. It makes no difference that the judgment was manifestly erroneous; although erroneous, it continues in force until set aside by writ of error or other proper proceedings; and the court in a second action, wherein the former judgment is pleaded, has no power to pass on the correctness of the former judgment.

A judgment dismissing an action brought by the assignee of a judgment, on the ground that the assignment was champertous, and that the plaintiff was not the actual and bona fide owner of the judgment, is a judgment on the merits.

The granting of leave to a plaintiff to amend his complaint, after his demurrer to a plea in bar has been overruled, is in the discretion of the trial court, and not reviewable.

In his complaint in a former action the plaintiff set up a judgment against the defendant, its assignment to the plaintiff on a certain date, and that the plaintiff "is now the actual and bona fide owner of the judgment." In this action judgment was rendered for the defendant on the merits. On the date of the rendition of the judgment, the same plaintiff brought another action against the

same defendant, setting up the same judgment, an assignment on the same day as that alleged in the former action, and that plaintiff "is now the actual and bona fide owner of the judgment." The defendant pleaded the former judgment as a bar, alleging in the plea that the cause of action stated in this action is the same as that stated in the former action. The plaintiff replied that he became the bona fide owner of the judgment subsequent to the bringing of the former action. This reply was struck from the file by the court on the ground that it appeared from the record that the second action was based upon the same assignment as that described in a former suit. *Held* that the court erred in striking plaintiff's reply from the file, since he had a right to deny the identity of the cause of action. The fact that the two assignments are described·as of the same date does not, as matter of law, make it impossible for the plaintiff to show title to the·judgment different from that passed upon in the former action.

Even though the former judgment has, since the trial below, been reversed on writ of error, and the questions raised in this case may therefore have become academic, this court may in its discretion pass upon them as bearing upon the question of costs, and of whether the appellant has prosecuted his appeal to effect.

Argued January 16th—decided March 7th, 1912.

ACTION by the alleged bona fide assignee and owner of a foreign judgment to recover the amount thereof, brought to the Superior Court in New Haven County where a plea in abatement was stricken out and a plea in bar in the same words was sustained, *Ralph Wheeler, J.;* the plaintiff then filed a reply which, upon motion of the defendant, was stricken from the files (*Curtis, J.*) and, after a motion for leave to amend the complaint had been denied (*Case, J.*), judgment was rendered for the defendant, from which the plaintiff appealed. *Error and judgment set aside.*

*William E. Thoms,* for the appellant (plaintiff).

*Charles F. Thayer,* for the appellee (defendant).

HALL, C. J. The appeal in this case, and the writ of error between the same parties, *ante,* p. 260, were argued together in this court.

The language of the complaint in the present action, which was commenced January 17th, 1910, is identical with that of the complaint·in the action upon which the writ of error was based, and which is set forth in the record of that case. To the complaint in the present action the defendant filed an answer entitled "Plea in Bar and Abatement," which was as follows: "The defendant pleads in bar to this action and says that the plaintiff therein ought not to have and maintain the same because: 1. Heretofore in an action brought by this plaintiff against this defendant and returnable and returned to this Superior Court on the first Tuesday of November, 1909, and brought to recover on the same cause of action and none other than the cause of action set forth in the complaint in this action, and in the same language, a plea in abatement was filed therein by this defendant in the words and figures following." Here follows a copy of the plea in abatement and the demurrer and subsequent answer thereto, as set forth in the record of the writ of error, and a statement of the decision of the court upon the issues in the case, and of the decision as set forth in the judgment-file in the former action, and contained in the record of said writ of error.

Following this plea in bar was a plea in abatement to the present action, some of the averments of which are similar to those of the plea in abatement in the first action. Upon motion of the plaintiff this plea in abatement was stricken out by the court. The plaintiff then demurred to the plea in bar upon the grounds that its allegations did not constitute a defense to the present action, and that the judgment in the first action was not upon the merits of the cause, but was merely a judgment that the writ in that action be dismissed. This demurrer having been overruled on the 24th of December, 1910, the plaintiff, on the 4th of

February, 1911, filed a reply to the plea in bar, in which he alleged that the plaintiff became the bona fide owner of the judgment described in the present action subsequent to the commencement of the first action, and that at the commencement of the present action he was and "is now" the bona fide owner of the judgment, and that the judgment in the former action only decided that the plaintiff was not, at the time of the commencement of that action, the owner of the judgment described in that action.

The defendant, on February 21st, 1911, moved to strike out this reply, upon the grounds that, after deciding the demurrer in the first case, the court in that case decided, as facts alleged in said plea in abatement, that the plaintiff was guilty of maintenance in prosecuting said suit, and that the plaintiff in that suit was not the equitable and bona fide owner of the judgment therein sued upon; and that it appears from the record that this action is predicated upon the same assignment of the same judgment as that described in the previous suit. On April 21st the Superior Court (*Curtis, J.*) granted said motion. On April 25th the plaintiff asked leave to amend the complaint in the present action by alleging that he purchased the judgment upon which the present action was brought on the 21st of October, 1909. On May 11th the Superior Court (*Case, J.*) denied said motion. On May 23d the defendant moved for a judgment by default upon the ground of plaintiff's failure to plead, and the plaintiff, on the 26th of May, moved for leave to file a general denial to the defendant's plea in bar. The court (*Case, J.*) denied the plaintiff's said motion, and granted that of the defendant, and rendered judgment for the defendant by default, for plaintiff's failure to plead.

The errors assigned in the appeal are the overruling of the plaintiff's demurrer to the plea in bar; the strik-

ing out of the reply; the refusal to permit an amendment of the complaint; the refusal to permit the plaintiff to file a general denial to the plea in bar; and the rendering of judgment by default upon the ground that the plaintiff had failed to plead.

Since upon the writ of error the judgment in the first case has been set aside as erroneous, and a new trial of that case has been granted, the questions presented by alleged errors of the court in this case, excepting as they may affect the question of costs, are practically academic.

The reversal of the first judgment, and the remanding of that case for further proceedings, practically restored the parties to the same condition in which they were before the erroneous judgment was rendered. *Brennan* v. *Berlin Iron Bridge Co.*, 73 Conn. 412, 415 (47 Atl. 668), 75 Conn. 393, 396, 53 Atl. 779. But as the question whether the court committed any error in the present action may touch the question of whether the appellant has prosecuted this appeal to effect, we have thought it proper to consider the alleged errors assigned.

The court committed no error in overruling the demurrer to the plea in bar. The plea in bar alleged that the cause of action in the first suit was the same and described in the same language as that described in the present one. This meant that the first action was based upon the same assignment of the same judgment, and the same bona fide ownership as was described in the present action, and these facts were admitted by the demurrer to the plea in bar. The court, in rendering a judgment dismissing the first action, decided that in taking such assignment and bringing an action upon it in his own name the plaintiff was guilty of the offense of maintenance; and also decided that the plaintiff was not the owner of the judgment sued upon.

This judgment in the first action was a final judgment

upon the merits, since it in effect decided that the alleged assignment was invalid, and that the plaintiff took no title under it, and that he could, therefore, maintain no action upon it. As the plea in bar alleged that the assignment sued upon in this action was the same as that sued upon in the first, and was between the same parties, which facts, as we have said, were admitted by the demurrer to the plea in bar, it followed from the judgment in the first action that, from the averments of the complaint in that action read in connection with the admission that the plaintiff was an attorney at law, that suit could not be maintained, and that the present action, with its similar allegations regarding the assignment and title, cannot be maintained.

A judgment dismissing an action on the merits is a bar to any further suit on the same cause of action, between the same parties. *Flanders* v. *Hall*, 159 Mass. 95, 34 N. E. 178; *Hubbell* v. *United States*, 171 U. S. 203, 18 Sup. Ct. Rep. 828.

The fact that the judgment in the first action was manifestly erroneous, because it appeared from the record before the court that the judgment in that action was based upon an erroneous construction of the complaint, did not render it invalid or ineffective. Though erroneous, it continued in force until set aside by writ of error or appeal, or other proper proceedings, and the Superior Court in deciding the second action had no power to decide that the first judgment was erroneous.

After the demurrer to the plea in bar was overruled, it was discretionary with the court whether the plaintiff should be permitted to amend the complaint, and the court committed no error in denying the plaintiff's motion to make such amendment.

The court erred in striking out the plaintiff's reply to the plea in bar, and in refusing to permit the plaintiff

to plead a general denial to that plea. It does not appear from the complaint in this action that the bona fide ownership of the judgment sued upon was the same as that described in the first action. The complaint in the first action contains no express averment of when the plaintiff became the bona fide owner of the judgment, excepting as it alleges that the assignment was made October 18th, 1909, for value, and that "the plaintiff is now"—that is, on the day of the commencement of that action, which was October 19th—the bona fide owner of the judgment. The complaint in the present action alleges an assignment on October 18th, 1909, and that on the day of the commencement of the present suit, which was January 17th, the plaintiff was the bona fide owner of the judgment so assigned. Excepting that it is alleged in the present suit that the assignment of the judgment was made on the same day as that named in the first action, and the judgment assigned was of the same amount as that described in the first action, the present complaint does not allege that the assignment and judgment described therein are the same assignment and the judgment described in the first suit.

In framing his plea in bar the defendant evidently deemed it necessary to allege as a fact that the two suits were for the same cause of action. By his demurrer to this plea the plaintiff admitted the facts alleged in the plea. After the demurrer was overruled, the plaintiff had the right to deny, either wholly or in part, the facts alleged in the plea, unless to do so was a violation of some law of pleading.

The right to reply to the averments of the plea in bar was a right given by statute. General Statutes, § 611, provides that "in all civil actions, upon the overruling of a demurrer, the party may plead over." The reply was not a departure, but was in substance a denial

of the averment of the plea in bar that the cause of action described in the second action was the same as that described in the first.

The filing of a mere denial of the averments of the plea in bar was not a departure. It merely required the defendant to prove what he had in effect alleged in the plea in bar, namely, that the assignment, judgment, and title acquired were the same in both suits. It was consistent with the averments of the complaint that the plaintiff, on the 18th of October, received more than one assignment of different judgments of the same amount. That this might not prove to be true was no reason why the plaintiff might not under the statute file the denial.

We do not understand that the defendant's motion of May 23d, for judgment upon the ground of plaintiff's failure to plead, which motion was filed within fifteen days after the denial of the plaintiff's motion to amend the complaint, evidently made in accordance with the suggestion of the court (*Curtis, J.*), was granted upon the ground that it was too late for the plaintiff to file such denial, but upon the ground that such reply, like the one stricken out, was not permissible under the averments of the complaint.

There was error in striking out the reply, and in holding that the plaintiff could not in reply properly file a denial to the averments of the plea in bar. The error was one which would entitle the plaintiff to a new trial had a new trial of the first case not been granted by the judgment in the writ of error.

There is error upon the appeal, and the judgment in this case is set aside upon the record of this case as a result of the judgment in the writ of error.

In this opinion the other judges concurred.