JOSEPH W. CASHMAN *vs.* THE MERIDEN HOSPITAL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 6th—decided December 7th, 1933.

*Denis T. O'Brien, Jr.,* and *Robert M. Dowling,* for the appellant (plaintiff).

*Cyril Coleman,* with whom, on the brief, was *Lawrence A. Howard,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action against the Meriden Hospital and Lillian Nodwell, a nurse employed therein, claiming that he became a patient for an operation; that after the operation it became necessary to apply external heat, and while he was in bed external heat was applied by the nurse and other attendants under her direction; and that the water in the bottles was too hot, whereby he was severely burned. The complaint is in four counts: The first alleges breach of contract; the second alleges negligence on the part of the servants and agents of the hospital; the third alleges negligence on the part of the hospital in the selection and hiring of its servants and agents; and the fourth alleges negligence on the part of the nurse, Miss Nodwell. The action, so far as directed against her, however, has been withdrawn and only the first three counts remain in the case.

In its answer, the defendant pleaded, as a special defense, that at the time of the occurrence it was, by its charter, a charitable corporation without capital stock, whose members derived and could derive no profit from its operation, and continued to be such an institution. To this defense, the plaintiff demurred on various grounds, and the demurrer was overruled by the trial court on the ground that the facts alleged in the special defense constituted a good defense to the claim of negligence set up in the second count of the complaint.

In demurring to the defendant's special defense, the plaintiff admitted any facts provable under it as alleged which for the purpose of this appeal are assumed to be true. *Judd* v. *Mutual Bank & Trust Co.,* 114 Conn. 553, 559, 159 Atl. 487. The demurrer, being addressed to the substance of the answer, if any facts which are provable under its allegations would support the defense relied upon, the demurrer must of

necessity fail. *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649, 139 Atl. 106; *O'Donnell* v. *Sargent & Co.,* 69 Conn. 476, 483, 38 Atl. 216; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224; *Mathews* v. *Converse,* 83 Conn. 511, 515, 77 Atl. 961. The special defense employed language broad enough to permit proof of all the facts necessary to show that the Meriden Hospital is a charitable institution. In *Hearns* v. *Waterbury Hospital,* 66 Conn. 98, 126, 33 Atl. 593, we held that a charitable corporation like the defendant—whatever may be the principle that controls its liability for corporate neglect in the performance of a corporate duty—is not liable, on grounds of public policy, for injuries sustained by a patient as the result of negligent conduct of physicians and nurses employed by it, in the selection of whom it exercised due care. The plaintiff asks us upon this appeal to reconsider the position taken in the *Hearns* case.

The courts are practically agreed that a charitable institution is not responsible to those who avail themselves of its benefits for any injuries that may be sustained through the negligence or torts of its managers, agents and servants. *Ettinger* v. *Trustees of Randolph-Macon College,* 31 Fed. (2d) 869, 871; and see notes to *Williams* v. *Church Home* (223 Ky. 355, 3 S. W. (2d) 753), 62 A. L. R. 721, 723, 726; *Roberts* v. *Ohio Valley General Hospital* (98 W. Va. 476, 127 S. E. 318), 42 A. L. R. 968, 970, 971; *St. Vincent Hospital* v. *Stine* (195 Ind. 350, 144 N. E. 537), 33 A. L. R. 1361, 1365, 1369; *Bachman* v. *Y. W. C. A.* (179 Wis. 178, 191 N. W. 751), 30 A. L. R. 448, 451, 455; *Weston's Admx.* v. *Hospital of St. Vincent* (131 Va. 587, 107 S. E. 785), 23 A. L. R. 907, 910, 923; *Taylor* v. *Flower Deaconess Home and Hospital* (104 Ohio St. 61, 135 N. E. 287), 23 A. L. R. 900, 903; *Roosen* v. *Peter Bent Brigham Hospital* (235 Mass. 66, 126 N. E.

392), 14 A. L. R. 563, 572. While the courts are in practical agreement about the rule of exemption, they are not in agreement in the reasons assigned therefor as will appear by examination of the annotations to the cases cited above. In *Cohen* v. *General Hospital Society,* 113 Conn. 188, 198, 154 Atl. 435, we held that to an invitee upon the premises, not a patient, the hospital owed the same duty as any landowner owes to one invited to come upon his premises, and this position is supported by authority. *Hospital of St. Vincent* v. *Thompson,* 116 Va. 101, 18 S. E. 13, 51 L. R. A. (N. S.) 1025; *Hordern* v. *Salvation Army,* 199 N. Y. 233, 92 N. E. 26; *Bruce* v. *Central M. E. Church,* 147 Mich. 230, 110 N. W. 951; 13 R. C. L. 949. The position taken in the *Hearns* case, however, finds support, as we have said, in the overwhelming majority of decided cases, and we see no occasion to alter the rule therein established.

The second count of the complaint is based solely on the alleged negligence of the defendant's servant. The allegations of the defense demurred to completely meet this claim, and the defense was therefore good as to the second count of the complaint. The defense was pleaded generally to all counts and the demurrer attacked it generally. If the defense was good as to any one of these counts the demurrer was properly overruled. *Cole* v. *Hawley,* 95 Conn. 587, 594, 111 Atl. 892; *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 Atl. 1025; *American Clay Machinery Co.* v. *New England Brick Co.,* 87 Conn. 369, 376, 87 Atl. 731; *Goldfarb* v. *Cohen,* 92 Conn. 277, 281, 102 Atl. 649; *Thompson* v. *Main,* 102 Conn. 640, 129 Atl. 786. At this stage it became incumbent under the rules (Practice Book, p. 288, § 195) for the plaintiff to file a reply to the new matter set up in the special defense, if he desired to do so, thereby closing the pleadings and preserving

his right to offer evidence in denial of its allegations. As he declined to plead over, final judgment was properly entered against him. It follows that the assignment of error based upon the action of the trial court in entering judgment for the defendant upon the plaintiff's failure to plead further is without merit.

There is no error.

In this opinion the other judges concurred.