### SELMA MAMRY
#### vs.
### HOYT-MESSINGER CORPORATION

| Superior Court | Fairfield County | File #43843 |
|---|---|---|

Present: Hon. ALFRED C. BALDWIN, Judge.

Schwarz & Schwarz, Attorneys for the Plaintiff.

Marsh, Stoddard & Day, Attorneys for the Defendant.

### MEMORANDUM FILED DECEMBER 2, 1935.

BALDWIN, J. Plaintiff has brought an action against Hoyt-Messinger Corporation and an employee of that corporation alleging that she was an employee in the service of that corporation and that the defendant employee, acting in the line of his service, by reason of his negligence caused the plaintiff injuries, she not being engaged in the course of her employment at the time.

The defendant, Hoyt-Messinger Corporation, has pleaded in abatement, alleging that all liability of that defendant was under the provisions of the Workmen's Compensation Act and an agreement as to compensation between the parties which agreement was approved by the Compensation Commissioner and that payments of compensation have been

made since the date of the agreement pursuant thereto.

Also further alleging that the obligation of this defendant arising from the injuries alleged are being administered under the jurisdiction of the Compensation Commissioner and that this Court has no jurisdiction of this action, and praying judgment.

To this plea in abatement plaintiff has demurred, first, upon the ground that the matters alleged in the plea in abatement are matters of defense, and, second, under the allegations of the complaint this Court has jurisdiction.

For the purpose of determining the question raised by the demurrer the Court may consider only the demurrer and the pleading to which it is addressed—the plea in abatement. The court cannot look back to the allegations of the complaint.

And for the purpose of disposing of the question presented, it is to be remembered that the demurrer admits the facts well pleaded in the plea in abatement and if any of those facts are capable of proof the demurrer should not be sustained. In other words, the question presented by the plea in abatement cannot be determined upon the demurrer. It should be upon an issue joined.

"The demurrer being addressed to the substance of the complaint, if any facts which are provable under its allegations would support the cause of action relied upon, the demurrer would of necessity fail."

Blakeslee vs. Water Commissioners, 106 Conn. 642, 649, 139 Atl. 106; O'Donnell vs. Sargent & Co., 69 Conn. 476, 483, 38 Atl. 216; Wildman vs. Wildman, 72 Conn. 262, 270, 44 Atl. 224; Mathews vs. Converse, 83 Conn. 511, 515, 77 Atl. 691.

This demurrer being addressed to the substance of the plea in abatement if any facts which are provable under its allegations would support the ends sought to be obtained by the plea in abatement, the demurrer would of necessity fail.

The demurrer is therefore overruled.