# THE STAMFORD DOCK AND REALTY CORPORATION ET AL. *v.* CITY OF STAMFORD.

MALTBIE, C. J., HINMAN, BROWN and JENNINGS, Js.[1]

Argued February 2d—decided April 8th, 1938.

[1] By agreement of counsel the case was argued before and decided by four judges.

*Warren F. Cressy,* for the appellants (plaintiffs).

*Samuel Gordon,* with whom was *Julius B. Kuriansky,* for the appellee (defendant).

JENNINGS, J. The substituted complaint alleges that the plaintiffs are the owners of certain docks, piers, buildings, franchises, rights and privileges located on and appurtenant to the Stamford canal and turning basin. The canal is a public, navigable waterway under the jurisdiction of the federal government and with the turning basin at its upper end has been used by the plaintiffs and their predecessors in title for over fifty years in their operations as common carriers engaged in interstate commerce. A brook or natural watercourse empties into the basin at its northeasterly corner. This brook and its tributaries have been largely confined to culverts and drains where they flow through the defendant city. Connected therewith are certain storm water sewers constructed by the defendant for the purpose of caring for surface water, including a large eight foot drain which empties into the basin about eight hundred feet north of the entrance from the canal to the basin. Large quantities of silt, sand, filth, mud and leaves collect on the streets of Stamford, are washed into these brooks and drains, are discharged by them into the canal and basin and, by the action of the tides, are washed to and fro so as to fill up the basin and render it unfit for navigation. As a result, the plaintiffs have been put to large expense for dredging. The operation of the plaintiffs' boats has been imperiled by these unlawful acts which constitute a private and public nuisance.

The defendant answered, denying all the allegations

in the complaint which alleged that the plaintiffs had been injured by debris being carried into the canal and basin by the drains and sewers, and also pleading a special defense. While inartificially drawn, this set up three defenses: That the acts complained of were performed in the exercise of the defendant's governmental functions; that any debris which found its way into the drains and sewers did so by reason of acts of God beyond the control of the defendant; and that any filling up of the canal and basin was caused by persons, circumstances or conditions unknown to the defendant and beyond its control. The plaintiffs demurred to this special defense, in so far as it purported to set up a defense that in performing the acts described in the complaint the defendant was carrying out a governmental function and also in so far as it purported to set up a defense that the injuries to the plaintiffs were the result of acts of God beyond the control of the defendant. The demurrer was overruled on the authority of *Lovejoy* v. *Norwalk*, 112 Conn. 199, 152 Atl. 210.

As pointed out by the defendant, it is under a legal obligation to maintain its highways in a reasonably safe condition for public travel; *Bartram* v. *Sharon*, 71 Conn. 686, 692, 43 Atl. 143; General Statutes, § 1411; and it has been empowered to construct drains and sewers to accomplish this purpose. Special Acts, 1933, p. 1192, § 5 (27). Under the complaint, it might be proved that the damage complained of has resulted from the attempted performance of that duty. One of the allegations of the complaint is that the defendant "has at all times neglected and refused . . . to so operate" the drains and sewers "as to eliminate the damage" of which the plaintiffs complain, and one of the errors assigned is the trial court's ruling that the defendant "is not charged in the complaint with negli-

gence nor with maintaining a nuisance." The plaintiffs thus indicate that they claim to recover upon the basis of negligence on the part of the defendant in failing to prevent debris being discharged into the canal and basin through the drains and sewers. Governmental immunity would be a defense against liability for such negligence. *Colwell* v. *Waterbury,* 74 Conn. 568, 572, 51 Atl. 530; *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 Atl. 51. It is true that under the allegations of the complaint the plaintiffs might also prove that the acts complained of constituted a nuisance. But whether or not governmental immunity would be a defense in such a situation we have no need to determine. It was properly pleaded as regards any claim of negligence which the plaintiffs might assert under the complaint and the demurrer to this phase of the special defense was properly overruled.

The demurrer admitted any facts provable under the special defense. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586, 169 Atl. 915. We cannot say as matter of law that any damage which the plaintiffs may prove they suffered was not caused by acts of God for the results of which the defendant would not be responsible. The demurrer addressed to this portion of the defense was also properly overruled.

The laudable attempt of the plaintiffs to present the issue as one of law must fail for the reasons stated. Although the ruling on the demurrer unnecessarily went to the merits of the defense, since it reached the correct result, it must stand.

There is no error.

In this opinion the other judges concurred.