### HELEN COTTRELL *v.* CONNECTICUT BANK AND TRUST COMPANY ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 15—decision released March 11, 1975

*Peter W. Rotella,* with whom, on the brief, was *Abram A. Washton,* for the appellant (plaintiff).

*Robert A. Boas,* with whom, on the brief, was *James T. Betts,* for the appellee (named defendant).

*Alexander J. Holland,* with whom, on the brief, was *William G. Waldau,* for the appellee (Leone Cottrell Birdsall, administratrix).

PER CURIAM. The Probate Court for the district of Stonington allowed an appeal by the plaintiff from its allowance of a second preliminary administration account for the estate of Leone B. Cottrell. The named defendant, an administrator, filed a plea in abatement stating that the plaintiff was legally incapable of bringing the appeal as a conservator had previously been appointed for her by the Probate Court for the district of Stonington. The plaintiff demurred to the plea in abatement on the ground "that in Connecticut an incompetent person is under no disability to bring suit in his own name." The demurrer was overruled, and the plaintiff failed to plead further. The named defendant administrator moved for judgment on the ground that the plaintiff failed to plead further within the time allowed by our rules of practice. Judgment was rendered for the named defendant on the motion, and the plaintiff has appealed. The sole assignment of error is that the court erred "[i]n granting judgment on the demurrer against the plaintiff."

The plaintiff has briefed her claim concerning her right to appeal in her own name regardless of the fact that a conservator had been appointed for her. The plaintiff could properly have assigned as error the decision overruling the demurrer. *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550; *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 345, 200 A. 343; *O'Donnell* v. *Sargent & Co.,* 69 Conn. 476, 483, 38 A. 216. However, the assignment of error was limited to a claim that the court erred in granting judgment on the demurrer against the plaintiff. Errors will not be considered unless specifically assigned. Practice Book § 652;

*Robinson* v. *Faulkner,* 163 Conn. 365, 378, 306 A.2d 857; *Martin* v. *Kavanewsky,* 157 Conn. 514, 520, 255 A.2d 619.

Section 95 of the Practice Book requires a responsive pleading in the form of a demurrer or answer to a plea in abatement. When the demurrer was overruled, the plaintiff had the right to plead over. Practice Book § 113; *Rogers* v. *Hendrick,* 85 Conn. 271, 82 A. 590. The record does not indicate that a responsive pleading was ever filed after the demurrer was overruled, and there is no claim that such a pleading to the plea in abatement was ever made. The record indicates that the demurrer was overruled on January 14, 1974. The plaintiff had fifteen days to file a responsive pleading. Practice Book § 76. The motion for judgment for failure to plead after the demurrer was overruled was filed January 31, 1974. Judgment was rendered March 22, 1974. The plaintiff argues that on January 30, 1974, she moved to cite in her guardian ad litem and that, as the motion to cite in was granted by the court on February 22, 1974, any defect in the appeal was cured. The citing in of an additional party is not a responsive pleading to a plea in abatement as required by Practice Book § 95. Moreover, there is nothing in the record to indicate that the guardian ad litem was notified of, consented to, or participated as a party in, the appeal. When the time for responsive pleading had expired, the court was not in error in rendering, upon proper motion, judgment for the named defendant. See *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 588–89, 169 A. 915; *Beckerle* v. *Danbury,* 80 Conn. 124, 67 A. 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 119 (a).

There is no error.