[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Maryann and John Greenwood, filed a revised complaint in twelve counts against the defendants, CT Page 3379 Eastman-Kodak Company (hereinafter, "Kodak") and Picker International, Inc., (hereinafter, "Picker"), on December 24, 1992. The first six counts of the complaint are addressed to the defendant Kodak. Counts Seven through Twelve are addressed to the defendant Picker.
The plaintiffs allege that while Maryann Greenwood was employed as a radiography technician at New Britain General Hospital, she developed chronic bronchitis and other respiratory ailments. They further allege that these ailments resulted from exposure to fumes from an x-ray machine at work; and that this machine was designed, manufactured, distributed or sold by Kodak, and distributed, sold, installed or serviced by Picker.
The plaintiffs' action is brought as a products liability claim pursuant to General Statutes Section 52-572m et seq. In the first count the plaintiffs allege that the x-ray machine was in a defective condition and unreasonably dangerous, that it reached the plaintiff's employer without substantial change in condition, and that adequate warnings were not provided.
The second count alleges that Kodak breached an implied warranty that its x-ray processor was fit for its ordinary purpose and/or safe for use in a normal manner. The third count sounds in negligence, alleging inadequate warning and improper design.
The fourth, fifth and sixth counts incorporate by reference the allegations of the first, second and third counts, respectively. In these counts, recovery is sought for the loss of consortium suffered by Maryann Greenwood's husband, the plaintiff John Greenwood.
In counts seven through twelve, the plaintiffs essentially restate the first six counts, but direct their allegations to the defendant Pickering. The only substantive difference is the ninth count, in which plaintiffs allege improper installation and inadequate ventilation, rather than inadequate design, as part of the basis for their negligence claim.
The defendant Kodak filed its answer and thirteen special defenses on May 13, 1993. The defendant Picker filed its answer and seven special defenses on October 27, 1993. The CT Page 3380 plaintiffs now move to strike the first through seventh, tenth, eleventh and thirteenth special defenses of Kodak and the first, fourth, fifth, sixth and seventh special defenses of Picker.
DISCUSSION
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book Section 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989). Furthermore, a motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book Section 152(5); see also Passini v. Decker, 39 Conn. Sup. 20,21 (1983).
"The legal sufficiency of a special defense may be determined by reference to Section 164 of the Practice Book, which provides that `[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged.'" Daniel v. Martinczak, 5 Conn. L. Trib. 429, 430 (February 3, 1992, Schaller, J.).
Special Defenses of Kodak
 I.
The plaintiffs move to strike Kodak's first special defense, which alleges that the plaintiffs' claims are barred by the statute of limitations, General Statutes Section 52-577a. Pursuant to Practice Book Section 169 the defendant is required to plead the statute of limitations as a special defense. See Mac's Car City v. DeNigris, 18 Conn. App. 525, 528, cert. denied, 212 Conn. 807 (1989). By pleading this as a special defense, the defendant is necessarily alleging that the plaintiff's injury was, or should have been, discovered more than three years before she commenced this action. The motion to strike the first special defense is therefore denied.
 II.
The defendant's second special defense alleges that CT Page 3381 counts four, five and six of the plaintiffs' complaint fail to state a claim upon which relief can be granted. The defendant has previously challenged the legal sufficiency of these counts on a motion to strike. That motion was denied by the court (Langenbach, J.).
The defendant's attempt to relitigate the legal sufficiency of the complaint via a special defense is procedurally improper. The motion to strike is the proper method to challenge the legal sufficiency of the complaint. Gulack v. Gulack,30 Conn. App. 305, 309 (1993). If a losing party is dissatisfied with the trial court's ruling on a motion to strike, the remedy is an appeal. See Stamford Dock Realty Corp. v. Stamford,124 Conn. 341 (1938). Accordingly, Kodak's second special defense is stricken.
 III.
The defendant's third special defense alleges compliance with all local, state and federal laws, regulations and standards in the manufacture, distribution and sale of their product. The defendant therefore argues that the plaintiffs' claims are preempted and/or that the plaintiffs have failed to state a claim.
Strict compliance with governmental standards is probative evidence concerning the issue of product defectiveness. But proof of strict compliance does not, under Connecticut law, show that the plaintiffs have no cause of action. The Connecticut Product Liability Act (CPLA) is a modified version of the Model Product Liability Act. Sterling v. Vesper Corp., 10 Conn. L. Rptr. 58, 60 (August 30, 1993, Pickett, J.). Although the Model Act recognizes a defense for compliance with industry/governmental standards, the CPLA does not define or acknowledge this defense. Id. Since compliance with these standards would not bar the plaintiffs' claim, this is not a proper special defense. The plaintiffs' motion to strike it is therefore granted.[1]
 IV.
The defendant's fourth special defense alleges that any injuries suffered by the plaintiffs were not caused by Kodak but rather by other entities over whom Kodak had no control, including but not limited to New Britain General Hospital the codefendant Picker. This claim is inconsistent with CT Page 3382 the plaintiffs' statements of fact and therefore is improperly asserted as a special defense pursuant to Practice Book 164.
A special defense is used when "a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action. . ." Bernier v. National Fence Co., 176 Conn. 622, 629
(1979) (Holding that evidence that another defendant was the proximate cause of the plaintiff's injury was properly admitted under a general denial.) The fourth special defense herein is improperly asserted and is ordered stricken.
 V.
The defendant's fifth special defense alleges that the plaintiffs' damages were the result of intervening third parties or superseding causes. Once again, this is not consistent with the plaintiffs' allegations and therefore is not appropriately asserted as a special defense. The motion to strike the fifth special defense is granted.
 VI.
The defendant's sixth and seventh special defenses are similar and for that reason they will be addressed collectively. These special defenses can best be described as "state-of-the-art" defenses. The sixth special defenses alleges that the x-ray machine was manufactured, supplied and/or sold in conformity with the state-of-the-art. The seventh special defense alleges that Kodak was unaware of any defect in the x-ray machine, and that the discovery of any defect was beyond the state-of-the-art. Although the distinction between these defenses may appear to be so slight as to be inconsequential, is critical in resolving these motions to strike.
The plaintiffs allege that the defendant's product was defective and unreasonably dangerous, and also allege that the defendant failed to warn of the product defect. To the extent that a state-of-the-art defense is addressed to a claim of product defectiveness, it is improper as a special defense. "The doctrine of strict liability in tort is concerned with the character of the product injected into the stream of commerce, not with the specific conduct of the defendant." Hall v. Burns, 213 Conn. 445, 461 (1990). A state-of-the-art defense a defective product claim "impermissibly shifts the fact CT Page 3383 finder's focus from the challenged product to the defendant's conduct." Helmus v. Richards Medical Company, 14 Conn. L. Trib. 28 (D.Conn., June 6, 1988, Burns, J.). Accordingly, the sixth special defense is ordered stricken.
However, "the state of the art defense has been recognized as proper where the alleged defect in the product stems from a failure to warn." Sylvain v. Madison's, Inc.,7 Conn. L. Rptr. 584, 585 (November 10, 1992, Berger, J.), citing Schenck v. Pelkey, 176 Conn. 245, 250 (1978). The defendant's seventh special defense, alleging that discovery of any defect in the product was beyond the state-of-the-art, is appropriately addressed to the plaintiffs' claim of failure to warn. Therefore, the motion to strike the seventh special defense is denied.[2]
 VII.
General Statutes 52-572q provides that a product seller may be subject to liability if it fails to give adequate warnings or instructions that communicate with the person best able to take or recommend precautions against the potential harm. In its tenth and eleventh special defenses, Kodak states that it had no duty to warn and/or that any such duty was discharged by its providing proper warnings, information and instructions, and that such warnings were directed to adequately communicate with the person or persons best able to take precautions against potential harm.
In the third count, the plaintiffs allege that Kodak failed to properly warn about the x-ray machine's dangerous exhaust and that if failed to provide adequate warning labels. Therefore, rather than alleging facts consistent with the plaintiffs' complaint which show that the plaintiffs have no cause of action, the defendant has directly contradicted the plaintiffs' allegations. A denial rather than a special defense is appropriate for this purpose. Accordingly, the defendant's tenth and eleventh special defenses are stricken.
 VIII.
The defendant, in its thirteenth special defense, asserts that, pursuant to General Statutes Section 52-572r(b), the plaintiffs' claimed recovery must be offset by any worker's compensation benefits received. The defendant claims that any worker's compensation benefits recovered by the plaintiff constitute, CT Page 3384 as to the defendant, a right of setoff. The defendant argues that pursuant to Practice Book 168, it is required to plead a right of setoff as a special defense.[3] The plaintiffs move to strike this, arguing it is not a proper special defense.
General Statutes Section 52-139 governs the setoff of mutual debts, and provides in pertinent part that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the . . . [parties] one debt may be set off against the other." A setoff is a claim by a defendant against a plaintiff on a debt independent of the action sued upon, and a condition precedent to a setoff is that the defendant's claim arises out of a debt owed by the plaintiff. Devarajan v. Berlin Fair Agricultural Association, Inc., 7 Conn. L. Rptr. 581, 582 (November 15, 1992, Langenbach, J.), citing Savings Bank of New London v. Santaniello, 130 Conn. 206, 210-12 (2943) (a setoff is a claim by a defendant against a plaintiff on a debt independent of the action sued upon.) Any worker's compensation benefits recovered by the plaintiff simply do not fall within the definition of a setoff. Therefore, they do not have to be specially pleaded pursuant to Practice Book Section 168. The motion to strike the defendant's thirteenth special defense is granted.
Special Defenses of Picker
The defendant agreed at oral argument to withdraw its fifth special defense, alleging lack of notice pursuant to General Statutes Section 42a-2-607. Picker's sixth and seventh special defenses are identical to the first and thirteenth special defenses of Kodak. The motion to strike the sixth special defense, alleging a violation of the statute of limitations, General Statutes Section 52-577a, is denied for the reasons articulated in part I of this decision. The motion to strike the seventh special defense, claiming a right of setoff for any worker's compensation benefits received by the plaintiff, is granted for the reasons articulated in part VII of this decision. Therefore, all that remains for this court to determine is the legal sufficiency of Picker's first and fourth special defenses.
 I.
The defendant's first special defense alleges that the plaintiff's injuries were caused by her own negligent acts CT Page 3385 and omissions. The plaintiffs move to strike this defense, arguing that comparative negligence is not a special defense to a product liability claim pursuant to General Statutes Section 52-5720.
General Statutes Section 52-5720 provides in subsection (a): "In any [product liability] claim . . . the comparative responsibility of, or attributed to, the claimant, shall not bar recovery but shall diminish the award of compensatory damages proportionately, according to the measure of responsibility attributable to the claimant." This section by its terms provides that any negligence on the part of the plaintiff shall not bar recovery. Moreover, the pertinent language of General Statutes Section 52-572l is relevant here: "In causes of action based on strict tort liability, contributory negligence or comparative negligence shall not be a bar to recovery." "This statute, therefore eliminated contributory negligence as a defense to products liability actions . . . ." Norrie v. Heil Co., 203 Conn. 594, 600 (1987) (concluding that the trial court did not include contributory negligence as a special defense in its jury charge, and therefore did not err).
Pursuant to General Statutes Sections 52-572l and 52-572o, the negligence of the plaintiff can diminish, but does not bar, the recovery of damages. Accordingly, "comparative negligence cannot be specially plead in a product liability action because this special defense does not demonstrate that the plaintiff has no cause of action." Sterling v. Vesper Corporation, supra, 59. Therefore, the plaintiffs' motion to strike Picker's first special defense is granted.
 II.
The defendant's fourth special defense alleges that any injury and damages sustained by the plaintiffs would not have occurred but for the fact that the product was altered or modified. The plaintiff argues that this is not a valid special defense because it contradicts the allegations of plaintiffs' complaint. Specifically, the plaintiff argues that this defense contradicts the plaintiffs' allegations that the product was defective at the time of sale and that this defect caused the injuries for which compensation is sought.
General Statutes Section 52-572p, concerning the limitation of liability of a product seller, provides as follows: CT Page 3386
 (a) A product seller shall not be liable for harm that would not have occurred but for the fact that his product was altered or modified by a third party unless: (1) The alteration or modification was in accordance with the instructions or specifications of the product seller; (2) the alteration or modification was made with the consent of the product seller; or (3) the alteration or modification was the result of conduct that reasonably should have been anticipated by the product seller.
 (b) For the purposes of this section, alteration or modification includes changes in the design, formula, function or use of the product from that originally designed, tested, or intended by the product seller.
It is evident that product alteration could provide a defendant with a valid defense to a product liability claim, and thereby relieve the product seller of any liability. However, this does not signify that such a defense should be specially pleaded. On the contrary, a special defense alleges facts which are consistent with the plaintiff's allegations but which "show, notwithstanding, that the plaintiff has no cause of action." Practice Book Section 164. The defendant's fourth special defense is inconsistent with the plaintiffs' allegations that the injuries sustained were caused by a product defect that existed at the time of sale. Accordingly, the strike defendant's fourth special defense is granted.
Conclusion
In summary, the plaintiffs' motion to strike the second, third, fourth, fifth, sixth, tenth, eleventh and thirteenth special defenses of Kodak is granted. The motion to strike Kodak's first and seventh special defenses is denied. With respect to the codefendant Picker, the first, fourth and seventh special defenses are ordered stricken, and the motion to strike the sixth special defense is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT CT Page 3387