## ENSIGN D. STEVENS *vs.* MILES MINER & others.*

In this Commonwealth, if a mortgagor, who has brought a bill to redeem, fails to pay the amount found due within the time ordered, and the mortgagee obtains judgment for costs, the mortgage is foreclosed, although no decree dismissing the bill has been ever entered.

BILL IN EQUITY, filed March 17, 1866, to redeem land in Sheffield from three mortgages. At the hearing, before *Gray*, J., it appeared that all three mortgages were made by Jonathan C. Stevens on his farm, or a part thereof, the first in 1828, to the Massachusetts Hospital Life Insurance Company; the second in 1841, to Fitch Ferris; and the third in 1842, to the defendant Miles Miner; that Stevens conveyed his farm in 1843 to Augustus E. Fuller, Ephraim Dixon and Hubbell Smith, and they in the following year conveyed it to the plaintiff; that in 1843 Miner brought a writ of entry against Jonathan C. Stevens to foreclose the third mortgage, and in 1848 entered to foreclose the first mortgage, which he had paid, and which had been assigned to him, the circumstances of neither of which proceedings is it now necessary to state; that at May term 1846 of this court, the plaintiff brought a bill in equity against Miner to redeem the premises from the third mortgage, in answer to which Miner claimed that the plaintiff should redeem the land from both the first and third mortgages, which were then held by him; and the plaintiff obtained a decree for redemption as to the first and third mortgages upon payment of $6759.35, with interest, on or before March 18, 1850, and "upon such payment, the defendant should within seven days thereafter remove from the premises, and the plaintiff should have possession thereof, and the

---

* This case was argued at September term 1871.

defendant should release to him or discharge of record all his interest as mortgagee or as assignee of the first mortgage; " that no payment of this sum was made, and judgment was rendered and execution issued in favor of Miner for costs; that Miner afterwards took an assignment of the second mortgage, and gave deeds of different portions of the premises to the other defendants; and that the plaintiff, in 1852 and 1853, executed and delivered to Almira J. Stevens deeds purporting to convey two parts of the farm, known as the Store lot and the Almira lot. The plaintiff contended that he was entitled to redeem from all three mortgages; that at any rate he could redeem from the second mortgage; and that this mortgage covered land not included in the other mortgages. The case was referred to a master, to report upon the amount of land included in each of the mortgages and deeds.

It appeared from the master's report, that in each of the mortgage deeds the premises were described only by their abuttals on the lands of other persons; that much evidence was taken before the master, not necessary to report in detail, to determine what and where those lands were; and that no objection was made to the admission of any particular evidence. The master found that all the land included in the second mortgage was included in either the first or the third mortgage. The plaintiff filed exceptions to the report, on the ground that the master should have found that neither the Almira lot, the Store lot, nor two other specified lots, were included in either the first or third mortgage. The case was heard on the master's report and the exceptions thereto, before *Gray*, J., who overruled the exceptions, and reported the case for the determination of the full court.

*T. P. Pingree & J. M. Barker*, for the plaintiff, to the point that the plaintiff was not foreclosed from redeeming the first and third mortgages, cited *Cholmley* v. *Oxford*, 2 Atk. 267; *Lowther* v. *Andover*, 1 Bro. Ch. 397; *Waller* v. *Harris*, 7 Paige, 167, 173; *Gray* v. *Brignardello*, 1 Wall. 627; *Foote* v. *Gibbs*, 1 Gray, 412; *Clapp* v. *Thaxter*, 7 Gray, 384; *Borrowscale* v. *Tuttle*, 5 Allen, 577; *Evans* v. *Bacon*, 99 Mass. 213; 2 Dan. Ch. Pract. (3d Am. ed.) 1016, 1017; Seton on Decrees, 148.

*J. Dewey, Jr.*, (*B. Palmer* with him,) for the defendants.

CHAPMAN, C. J.   The original title to the mortgaged premises was in Jonathan C. Stevens, who made the three mortgages in question.   He conveyed the equity of redemption to Fuller, Dixon and Smith in 1843, and they conveyed it to the plaintiff in 1844.

At May term 1846, the plaintiff brought a bill against Miner to redeem the third mortgage.   Miner set up his right under the first, which he had paid, and which had been assigned to him. The plaintiff obtained a decree for redemption as to the first and third mortgages, upon payment of $6759.35, with interest, within a time specified, but did not pay it, and judgment was thereupon rendered against him for costs.

It is now contended, that, as there was no formal decree dismissing the bill, the suit was not so terminated as to be a bar to a new bill to redeem.   It is true that the usual form of a final decree for the defendant in a suit in chancery includes a dismissal of the bill.   In a suit for redemption of a mortgage, the English form of a decree is that the bill be dismissed, unless the plaintiff pays a certain sum within a certain time.   So in New York. *Waller* v. *Harris*, 7 Paige, 167.   Or, if omitted, a final order dismissing the bill will be obtained as of course.   2 Dan. Ch. Pract. (3d Am. ed.) 1017.

But none of the cases cited from our reports decide that such a decree is necessary in a suit for redemption, and all that seems to be necessary is a decree or judgment which in substance terminates the suit upon its merits.   The whole subject of redeeming mortgages is regulated in this state by statute.   The character of the right, the methods of foreclosure and redemption, are all regulated in this manner.   When a mortgagor obtains a decree of redemption, his right is thereby defined, and no other or different right remains to him.   It is the right of which he must avail himself if he would redeem at all, and it is cut off when it expires by the terms of the decree.   It is not necessary to pursue all the forms of the English practice in obtaining a final decree. By the Rev. Sts. *c.* 81, § 9, which were in force when this suit was pending, power was given to the court to "award all such

judgments, decrees, orders and injunctions, to issue all such executions and other writs and processes, and to do all such other acts as may be necessary or proper to carry into effect all the powers " given them. In many respects our practice conformed to that in actions at law, and differed from the English practice. It was so as to the entry of final decrees and judgments. *Clapp* v. *Thaxter*, 7 Gray, 384. In a case like this, a judgment for the defendant for costs, upon the failure of the plaintiff to comply with the terms of a decree for redemption, includes a decree upon the merits, followed by a judgment that substantially terminates the suit, and cuts off the right, in conformity with the terms of the statute. There is nothing in this case to indicate that it was without prejudice, or was intended to leave the suit pending.

The equity of redeeming the first and third mortgages having thus expired, it is not material to consider the effect of the entry for foreclosure, or of the action against Jonathan C. Stevens.

The report in this case was committed to the master to find and report the amount of land contained in each of the deeds and mortgages mentioned in the interlocutory decree. He finds the several lines, and also finds that all the land included in the second mortgage, which this bill is brought to redeem, is also contained in the first or third mortgage. The various conveyances are stated, together with the testimony which was offered to explain them. Much testimony of such a character was necessary, as the deeds contained many latent ambiguities. We cannot see that any of the testimony was inadmissible or impertinent, or that the master's construction of the deeds was erroneous. All reasonable presumptions are to be made in favor of the report. *Dean* v. *Emerson*, 102 Mass. 481.

The titles under the first and third mortgages having become absolute under the judgment in the plaintiff's bill in equity brought in 1846, there remains nothing under the second mortgage which is regarded by the plaintiff's counsel as worth redeeming.

*Master's report confirmed, and bill dismissed, with costs.*