HERBERT E. DENNETT & another *vs.* EDMUND D. CODMAN & others.

Middlesex.　January 20, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Foreclosure of Mortgage — Invalid Sale — Time within which to redeem.*

An ordinary bill to redeem was brought, in which no peculiar relief was prayed for, and in which the accounts were taken and the amounts due determined without a suggestion that the plaintiffs were not ready to perform the offer contained in

their bill, or that any peculiar form of decree was desired. The question was whether the decree should require the plaintiffs to redeem within a time stated, or should allow redemption " at any time before a valid and effectual foreclosure of said mortgage by a new execution of the power of sale therein, or otherwise." *Held*, that the decree being in the form usual in cases of the kind was proper, and that such a decree as the plaintiffs sought was without precedent.

BILL IN EQUITY, filed October 17, 1891, to redeem land from a mortgage in Belmont. The bill alleged that by a deed of mortgage dated September 15, 1888, and duly recorded, the plaintiffs conveyed to one John P. Dennett a certain parcel of land in Belmont; that the mortgage and note were subsequently assigned to one Robert Codman, Jr., who entered into a written agreement with the plaintiffs, dated July 1, 1890, to extend the mortgage and the time of payment of the note to September 15, 1891; that the mortgage and note were subsequently assigned to Edmund D. Codman, the present owner and holder; that the mortgage note matured on September 15, 1891, and default was made in payment; that upon September 19, 1891, " the defendant Codman caused to be published in the Belmont Bulletin, a weekly newspaper printed in the town of Watertown, and circulated to some extent in said Belmont, a notice to the effect that the real estate described in said mortgage, for breach of the condition thereof, would be sold at public auction in said Belmont on the twelfth day of October, 1891, at ten o'clock in the forenoon, under the power of sale contained in said mortgage; that on the twenty-sixth day of the same September, and on two subsequent days, the defendant Codman caused a similar notice to be published in said Belmont Bulletin, except that in said three subsequent notices said sale was advertised to take place upon the nineteenth day of October, 1891; and that no other notice or advertisement of said sale has been made except the said notices published in said Belmont Bulletin, and the plaintiffs believe, and therefore allege, that by publishing said notice as aforesaid of the sale to be held on October 12, and also of a sale to be held on October 19, confusion and uncertainty will be caused in the minds of intending purchasers as to the time when said sale will actually be held, and that by reason thereof persons who might otherwise attend and bid at said sale may be prevented from attending the same and bidding on said property."

The bill further alleged that Alice H. Dennett, wife of Herbert E. Dennett, was the owner of the equity of redemption. The prayer was for an account and an injunction, and that, upon the plaintiffs' paying the defendant Codman the amount due, he might be ordered to release and discharge the mortgage. An injunction was issued on the day upon which the bill was filed, and on October 30, 1891, the injunction was dissolved, and the defendant Codman was " permitted to sell the property after such further notices and advertisements as are necessary reasonably to protect the interest of the mortgagor."

In their " motion to amend, and supplemental bill," the plaintiffs alleged that on October 31, 1891, the defendant Codman notified the plaintiffs that he should sell the real estate by public auction in Belmont on November 9, 1891, and the plaintiffs protested that there was not sufficient time between the entry of said order dissolving the injunction and November 9, 1891, to enable the defendant Codman to publish " such further notices and advertisements as were necessary reasonably to protect the interest of the mortgagor," as required by the terms of said order, and that the time and hour fixed for said sale were improper and unusual, and that the defendant Codman did not give reasonable notice of said sale, and did not act in good faith nor use due diligence in making said sale; and that the defendant Codman sold the property on November 9, 1891, subject to prior encumbrances, for a sum much less than its real value, and made to the purchaser a deed of the property in accordance with the mortgage sale. The prayer was that the purchaser and his grantee might be made parties defendant, that the mortgagee's sale might be declared void and set aside, and that the deed be delivered up and cancelled.

A decree was entered in this court by *Allen,* J., before whom the hearing was had, that the sale by the defendant Codman on November 9, 1891, be declared to be an invalid execution of the power of sale in the said mortgage, and the said sale be set aside so far as the same might otherwise affect the plaintiffs' right of redemption; that the plaintiffs be allowed to redeem within a time stated; that the purchaser's grantee reconvey to the plaintiffs; and that in default of payment within that time the bill should stand dismissed.

The report stated that "the plaintiffs asked for a decree allowing them to redeem by paying the amounts found to be due 'at any time before a valid and effectual foreclosure of said mortgage by a new execution of the power of sale therein, or otherwise.' But I declined to enter the decree in that form, and inserted a provision in the decree, that, in default of such payment within the time fixed by the decree, the plaintiffs' bill should stand dismissed. The plaintiffs having entered an appeal from the decree, I make this report, by their request, of the question sought to be raised by the appeal, for the full court."

*F. T. Benner*, for the plaintiffs.

*J. L. Thorndike*, for the defendants.

KNOWLTON, J. The report in this case presents but the single question whether the decree should require the plaintiffs to redeem within a time stated, or should allow redemption " at any time before a valid and effectual foreclosure of said mortgage by a new execution of the power of sale therein, or otherwise." In the bill, the plaintiffs offer to pay the amount found due, and pray that an account may be taken, and that they may be permitted to redeem. The application is in the ordinary form of a bill to redeem, and the allegations in regard to the invalid sale do not change the nature of the proceedings, or give the plaintiffs any greater rights, or call for any further relief, than if no sale had been made. The decree is in the form usual in cases of this kind, and such a decree as the plaintiffs seek is, so far as we are aware, without precedent. *Stevens* v. *Miner*, 110 Mass. 57. *Dyer* v. *Shurtleff*, 112 Mass. 165, 166. *Briggs* v. *Briggs*, 135 Mass. 306. *Tetrault* v. *Labbé*, 155 Mass. 497. *Robertson* v. *Norris*, 1 Giff. 421. *Jenkins* v. *Jones*, 2 Giff. 99.

The statements and offer in the bill, as well as the prayer of it, imply that the plaintiffs are ready to redeem within a reasonable time. The only right which a mortgagor has under our statute, after a breach of the condition of the mortgage, is a right in equity to redeem. He may bring his suit, if he chooses, without having previously made a tender of payment. Pub. Sts. c. 181, §§ 21–27. On the bringing of the suit, it becomes the duty of the court to ascertain what sum is due on

the mortgage, to fix the time within which payment shall be made, and to enter a decree that on payment within that time the plaintiff shall have possession of the premises and hold them discharged of the mortgage. Pub. Sts. c. 181, §§ 28–33. These provisions are applicable as well to mortgages with a power of sale as to those which contain no such power. *Way* v. *Mullett*, 143 Mass. 49. The mortgagor who elects to bring an ordinary bill to redeem waives all claim of right to have the property sold by the mortgagee under the power. Indeed, in a mortgage with a power of sale in the ordinary form, he has no such right. The power is inserted for the benefit of the mortgagee, to be exercised or not, as he sees fit.

It may well be that, if a sale has been made fraudulently, or in any such way as to be invalid against the mortgagor, he may bring a bill asking to have it set aside, and to be permitted to redeem at any time before the foreclosure of the mortgage by a valid sale, or by the expiration of three years and continued possession by the mortgagee taken and held on account of the breach of the condition of the mortgage. There might be equitable grounds for permitting the mortgagor to stand in the same position as if a fraudulent or unlawful sale had not been made, and for giving him a long time in which to redeem; but what order should be made on a petition asking peculiar relief in a case of that kind, it is unnecessary now to determine. It is enough, in the present case, to say that this is an ordinary bill to redeem, in which no peculiar relief is prayed for, and in which the accounts were taken and the amounts due determined without a suggestion that the plaintiffs were not ready to perform the offer contained in their bill, or that any peculiar form of decree was desired.

Nothing appears to indicate that the justice fixed a time shorter than was reasonable under the circumstances of the case, and no question in regard to that part of the decree is before us.

*Decree affirmed.*