HERBERT E. DENNETT *vs.* EDWIN F. ATKINS.

Middlesex. January 9, 20, 1919. — February 28, 1919.

Present: RUGG, C. J., LORING, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* Bill to redeem from mortgage.

An attempted foreclosure under a power of sale of a mortgage of real estate was defective by reason of insufficient notice of the sale, and the mortgagor brought a suit in equity to redeem the real estate from the mortgage, in which a decree was made that the plaintiff be allowed to redeem upon paying to the holder of the mortgage within forty-five days the principal and interest and other sums due under the mortgage. The mortgagor wholly failed to pay the amount found to be due on the mortgage and thereupon a final decree was entered dismissing the bill to redeem. Many years thereafter the mortgagor brought a bill in equity to obtain a conveyance to him of the property on the alleged ground that there had been no valid foreclosure, and it was *held* that the mortgagor by electing to bring a bill to redeem had waived any claim of right to have the property sold under the power in the mortgage, if he ever had had any such right, and that the final decree dismissing the mortgagor's bill to redeem after he had failed to pay the amounts due within the time prescribed effec-

tually foreclosed the mortgage and that thereafter the mortgagor's right to redeem was lost so that he had no interest in the property, and accordingly that a demurrer to the bill must be sustained.

BILL IN EQUITY, filed in the Supreme Judicial Court in its amended form on March 9, 1917, to set aside for fraud a conveyance of, and to obtain a conveyance to the plaintiff of, certain real estate on Concord Avenue and Somerset Place in Belmont, which the plaintiff claimed the right to redeem from an alleged defective foreclosure of a mortgage, previously having filed a bill to redeem such real estate from the mortgage as described in the opinion.

The defendant demurred to the bill as amended assigning the following causes of demurrer:

" 1. That the plaintiff has not stated in his bill such a cause as entitles him to any relief in equity against this defendant.

" 2. That the plaintiff has been guilty of laches.

" 3. That there is an absence of necessary parties.

" 4. Because the plaintiff does not allege that he was the owner of the land described in the plaintiff's bill.

" 5. Because the plaintiff's bill is not a bill to redeem from the mortgage mentioned in the plaintiff's bill.

" 6. Because there has been a foreclosure of the equity of redemption of the land described in the plaintiff's bill."

The case was heard upon the bill as amended and the demurrer thereto by *Carroll*, J., who made an order that the demurrer be overruled and, being of opinion that the questions involved so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the questions raised by the demurrer for such determination.

*M. J. Sughrue & D. J. Triggs*, for the defendant.

*A. L. Braley*, for the plaintiff, submitted a brief.

CROSBY, J. The report in this case presents the question whether the demurrer to the bill as amended should have been sustained or properly was overruled.

The plaintiff seeks to set aside an alleged fraudulent conveyance through which the defendant obtained title to the land described in the first paragraph of the bill. The bill alleges in substance that on September 15, 1888, the plaintiff and his wife, Alice H. Dennett,

conveyed by mortgage the lands in question to John P. Dennett to secure the payment of a note for $9,000 and interest; that the mortgage and note afterwards were assigned to one Robert Codman, Jr., who by an agreement in writing with the mortgagors extended the time for payment of the note to September 15, 1891; that he later assigned the note and mortgage to Edmund D. Codman, who began proceedings to foreclose the mortgage by sale at public auction in accordance with the power therein contained; that, because of an alleged defect in the notices of sale, the plaintiffs filed a bill in equity in the Supreme Judicial Court praying for an accounting and that the plaintiffs might hold the property discharged of the mortgage upon paying the amount due thereon; and that the final decree authorized the mortgagee "to sell the property after such further notices and advertisements as were necessary reasonably to protect the interest of the mortgagor."

It is further recited that in "a motion to amend the supplemental bill" it was alleged that the plaintiffs had received notice from the mortgagee that he would sell the land described in the bill November 9, 1891; that the time fixed for the sale was not sufficient to enable the mortgagee to publish such further notices as would protect the mortgagor; that the mortgagee proceeded with the sale and the property was purchased by one Porter who afterwards conveyed it to Atkins (the defendant in the present suit); that upon the bill as amended a decree was entered by a single justice of this court on May 20, 1892, providing that "the sale be set aside so far as the same might otherwise affect the plaintiffs' right of redemption; that the plaintiffs be allowed to redeem upon paying to said Atkins within forty-five days 'from the entry of this decree the principal sum of nine thousand dollars due upon the said mortgage and interest on the said sum,' interest on the first mortgage, taxes, insurance, repairs on the premises and costs of suit."

This bill further alleges that the plaintiffs in the suit above referred to asked for a decree allowing them to redeem by paying the amounts found to be due "at any time before a valid and effectual foreclosure of said mortgage by a new execution of the power of sale therein, or otherwise;" that the single justice refused to enter a decree in that form and inserted a provision that in default of such payment within the time fixed by the decree the

plaintiffs' bill should be dismissed; that, after appeal to the full court, it was held that, the decree being in the usual form in cases of the kind, was proper and that such a decree as the plaintiffs sought was without precedent. The bill further alleges that, since the proceedings hereinbefore referred to, it has come to the knowledge of the plaintiff that the mortgage was purchased by Robert Codman, Jr., for the use and benefit of the present defendant, Edwin F. Atkins, with money furnished by him for that purpose; that Codman held the mortgage as the trustee of Atkins until it was transferred to Edmund D. Codman; and that in February, 1891, the plaintiff made a tender to the mortgagee of the amount due on the mortgage, and also made a similar tender in June, 1891. There are other recitals in the bill respecting the proceedings since the decision of the full court in *Dennett* v. *Codman*, 158 Mass. 371, above mentioned, to which we do not deem it necessary to refer in coming to a decision of the case upon demurrer.

From the foregoing recitals in the bill it appears that the plaintiffs in the original suit elected to bring a bill to redeem because of an invalid execution of the power of sale; that they were allowed to redeem upon paying to the defendant the amounts described in the decree within forty-five days from the entry thereof. There is no allegation in this bill that the plaintiff complied with its terms or attempted to do so, and it is not contended that in fact the decree has been complied with. Under these circumstances it is plain that this bill cannot be maintained. The allegation that the mortgage was purchased by Robert Codman, Jr., with money furnished by the defendant at his request and was held by the purchaser as the representative and trustee of the defendant, is not an allegation of fraud practised either upon the plaintiff or upon the court in the original proceedings; there is nothing to show that it was not a perfectly proper and legitimate agreement which the parties lawfully could enter into, and the bill fails to disclose any allegations of fraud which entitle the plaintiff to equitable relief. The tenders of the amount due made to the mortgagee in February and in June, 1891, by the plaintiffs in the original bill, were made at a time when nothing was due, as the debt did not mature until September 15, 1891; and besides, they were made before the bill to redeem was filed and a decree entered

thereunder. The contention of the plaintiff that he is entitled to a conveyance of the property because there never has been a valid foreclosure cannot be sustained. The decree in the original suit allowing the plaintiffs to redeem in accordance with its terms, recognized the invalidity of the attempt to execute the power of sale and protected the rights of the plaintiffs accordingly. The plaintiff is not entitled to have the property sold under the power upon new notices of sale, the former notices having been held to be invalid. *Dennett* v. *Codman, supra.* The mortgagors by electing to bring a bill to redeem waived their claim of right to have the property sold under the power, although in a mortgage with a power of sale in the usual form a mortgagor cannot compel the mortgagee to exercise the power; it is for his benefit and he can exercise it or not as he sees fit. The final decree dismissing the bill after the plaintiffs had failed to pay the amounts due within the time prescribed effectually foreclosed the mortgage, and thereafter their rights to redeem were lost. *Flanders* v. *Hall,* 159 Mass. 95. In *Dennett* v. *Codman,* 168 Mass. 428, which was an action of tort, this court in referring to the plaintiffs said: "They lost their land, not by reason of the foreclosure, but because of their failure to redeem it within the time allowed them by the court."

It follows that, as the plaintiff has not stated in the bill such a cause as entitles him to relief in equity, a decree must be entered sustaining the demurrer on the first ground and dismissing the bill with costs.

*Ordered accordingly.*