EMMA M. PATTERSON

*vs.*

HIRAM ADELMAN AND CHARLES A. GALLUPE.

Aroostook.     Opinion, July 5, 1935.

*Ralph K. Wood*, for plaintiff.
*W. S. Brown, Jr.*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, THAXTER, HUDSON, JJ.

HUDSON, J. Law on agreed statement. This is a bill in equity in which the plaintiff seeks to redeem from an equitable real estate mortgage.

It appears that previously to the commencement of this action "on the 2nd day of March, 1932, plaintiff brought a Bill in Equity in the Supreme Judicial Court against these defendants praying that the deed . . . be declared a mortgage; that an account be taken of the amount justly and accurately due under said mortgage; that the plaintiff be allowed to redeem said mortgaged premises by paying to the defendants such sum as may be found due the defendants by said account; that the defendants be ordered upon the payment of said sum to release all their right and title in the premises to the plaintiff; and that the plaintiff have such other and further relief as the nature of the case may require."

The Justice hearing said former action, on February 2, 1933, decreed that the conveyance "purporting to be a Warranty Deed was in truth and in fact a Mortgage Deed" with right of redemption. Having determined the amount due on it, he further decreed "that the plaintiff be and hereby is ordered to pay said sums of money with interest thereon to the defendants within three months from the date of this decree" to wit, February 2, 1933. Not appealing from said decree, the plaintiff did not pay as ordered but now in this new bill seeks the right to redeem by payment of such a sum as this Court finds equitably due on said mortgage.

The contention of the plaintiff is that said decree fixed only a "due date before which the mortgage could not be foreclosed" while the defendants claim that its effect was strictly to foreclose the right to redeem subsequently to the said three months.

By the agreed statement two questions are presented for answer, namely:

"1. Has the plaintiff an equity of redemption in the premises or has she lost her right to redeem either by failure to comply with said decree or by laches?

"2. If the plaintiff has a nequity of redemption, to what extent must the defendants account for the profits arising from operation of the premises during the period they were in possession thereof?"

In *Sposedo* v. *Merriman*, 111 Me., 530, 90 A., 387, 391, is found the answer to Question 1. In that case, wherein the plaintiff sought to redeem from an equitable mortgage on real estate, it was decreed "that the plaintiff shall pay to the defendants the amount found by said master to be due to them, such payment to be made within sixty days from the date of the acceptance of the master's report, and the defendants shall thereupon surrender possession of said premises to the plaintiff, and the said" (mortgagees) "shall execute and deliver a deed of release to the plaintiff of the premises described in said bill . . . ." The payment was not made as ordered and the Court held consequently that there was no later right of redemption, citing as authority *Pitman* v. *Thornton*, 66 Me., 469, and *Stevens* v. *Miner*, 110 Mass., 57. In *Sposedo* v. *Merriman*, supra, on page 545, Justice King said:

"The decree fixes definitely the time within which the plaintiff must pay the amount found due by the Master. If he does not so pay his right of redemption then expires, and becomes forever barred."

Reasons for such a conclusion are stated in *Pitman* v. *Thornton*, supra, on pages 470 and 471:

"It is clearly within the province of courts of equity having full equity jurisdiction, as this Court now has, to render such a decree as substantial justice requires between the parties. By filing his bill for redemption, the mortgagor invokes the aid of the Court to enable him to determine and adjust the differences between him and his mortgagee. He declares that he

desires to pay the mortgage debt, and thus relieve the mortgaged premises from the incumbrance. The Court takes him at his word and ascertains the amount due, fixes the time when it must be paid, and the consequences of default of payment, to wit: Expiration of the right of redemption, and a foreclosure of the mortgage. We do not perceive anything inequitable or unjust in such a decree. The action of the mortgagor subjects the mortgagee to expense in defending the bill; and he has rights to be regarded as well as the mortgagor. Both parties being in court either has a right to demand, and substantial justice requires, that the court should put an end to their controversy. To allow the time of redemption to remain open after default of payment as fixed by the decree would be to subject the mortgagee to the caprice of the mortgagor and compel an indefinite postponement of the controversy, which the mortgagor himself prayed to have determined by his bill."

It may not be amiss herein to state that if one be aggrieved by the fixing of an unreasonably short length of time in which to redeem, such grievance is open on appeal from the decree. No such contention is now before us.

Answering Question 1 as we have makes unnecessary answer to the second question. The entry must be,

*Bill dismissed.*