*Southern District*

**ROBERT A. BROWNING**

v.

**PASQUALE P. PALIE**

*Present:* Nash, P. J. and Welch, J.

Case tried to *Cox, J.,* in the District Court of Northern Norfolk. No. 38218.

*Welch, J.* This is an action of contract to recover $300. In his declaration the plaintiff says that on or about February 10, 1955 he transferred real estate in Norwood to the defendant and $300 of the consideration was withheld by the defendant under the following agreement: "Three hundred ($300.00) dollars to be paid to Robert Browning for painting."

The declaration further avers that in fulfillment of the terms of his agreement he caused the house to be painted and on or about July 1, 1955 he made a demand upon the defendant, his agent or servant for payment of the $300, but the defendant has re-

fused to pay. The answer is a general denial. It also sets up the defense of payment and a claim in recoupment for painting alleged to have been done in a negligent, careless and unworkmanlike manner.

*At the trial there was evidence to show that* on or about December 27, 1954 a purchase and sale agreement was signed by the parties. The price was $10,000 and the plaintiff agreed to "paint exterior one coat in a manner satisfactory to the Home Savings Bank of 69 Tremont St., Boston; for which the sum of $300 will be withheld from the seller by the bank until such satisfactory completion."

The sale was effected in the office of an attorney for the bank who also represented the defendant. He testified that he agreed with the plaintiff that he would get the $300 which was retained from the mortgage money when the house was painted to the satisfaction of the bank. The plaintiff on cross-examination testified that he understood that the defendant had surrendered the $300 and that it was to become his when the painting was done. He demanded the money from the bank which refused to pay.

The plaintiff duly filed five requests for rulings. These rulings and the action taken by the judge are as follows:

1. On all the evidence the plaintiff is entitled to recover. (*Denied.*)

2. The Home Savings Bank was acting as agent of the defendant while holding $300 of the purchase price until the plaintiff performed the painting required by the contract between the plaintiff and defendant, *Hale v. Joslin,* 134

Mass. 310. (*Denied. A new agreement was made whereby the plaintiff agreed to look to the bank for the $300 upon the completion of the painting to the bank's satisfaction and completely released Palie from the payment of the balance of the purchase price. This request is, therefore, inapplicable to the facts found.*)

3. The plaintiffs contract, on which suit is based, is with the defendant exclusively. (*Denied.*)

4. The Home Savings Bank was acting only as the defendant's depository. (*Denied.*)

5. The defendant, not having paid the full purchase price to the plaintiff, is liable to the plaintiff for the unpaid balance under the purchase and sale agreement between the parties. (*Denied.*)

## The defendant duly filed requests for rulings on which he claims to be aggrieved, as follows:

2. One who has a direct pecuniary interest in the matter is a principal and not an agent. (*Allowed.*)

3. The Home Savings Bank having a direct pecuniary interest in the sum of $300 held by it was a principal in the agreement respecting the holding of said fund and not the agent of either the buyer or seller of the real estate affected. (*Allowed in the light of my findings.*)

4. Delivery by the defendant buyer, with the consent of the plaintiff seller of the full purchase price to a third party having a pecuniary interest separate and apart from that of the buyer is full payment under the purchase and sale agreement. (*Allowed in the light of my findings.*)

5. The defendant, having relinquished all control over the full purchase price specified in the agreement of sale, has as a matter of law satisfied the requirements of the purchase and sale agreement. (*Allowed in the light of my findings.*)

6. Upon all the evidence as matter of law since the de-

fendant had no right or power to affect the disposition of the fund, held by the Home Savings Bank the same was not his money. (*Allowed in the light of my findings.*)

7. Upon all the evidence as matter of law since the defendant has relinquished all claim or control over the fund held by the Home Savings Bank he has unconditionally paid the same. (*Allowed in the light of my findings.*)

8. Upon all the evidence as matter of law since the defendant released from his control unconditionally the fund held by the Home Savings Bank with the assent of the plaintiff said sum is no longer due from the defendant to the plaintiff. (*Allowed in the light of my findings.*)

9. Upon all the evidence as matter of law since the plaintiff and Home Savings Bank could effect disposition of the fund held by the Home Savings Bank without any rights in the defendant the agreement respecting the holding of said fund was between the plaintiff and the Home Savings Bank. (*Allowed in the light of my findings.*)

10. Upon all the evidence as matter of law the Home Savings Bank holding money free of any control of the defendant was holding the money of the plaintiff. (*Allowed in the light of my findings.*)

12. Upon all the evidence as matter of law a finding for the defendant is warranted. (*Allowed.*)

13. Upon all the evidence as matter of law a finding for the defendant is required. (*Denied, but I find for the defendant.*)

The judge made the following findings of fact:

"On all the evidence I find for the defendant.

By a written agreement dated December 27, 1954 the plaintiff agreed to sell and the defendant to purchase a home at 33 Myrtle Street, in the Town of Norwood, for ten

thousand dollars. ($10,000.) On or about February 8, 1955 the parties met in the office of the attorney for the bank which, on the defendant's application, accepted a mortgage of nine thousand two hundred ($9200) on the premises. Pursuant to a provision in the agreement of the sale and purchase, the bank's attorney, at the time of passing papers and with the consent of both parties, withheld three hundred dollars ($300) which was to be paid to the plaintiff Browning upon the painting of the house with one coat of paint to the satisfaction of the bank, a condition of the guarantee which the Veterans Administration had imposed. Browning painted the house but the Veterans Administration and the bank disapproved of the work and the bank has refused Browning's demand for the payment of the three hundred dollars ($300.) Browning, therefore, brought this action against Palie.

I took a view of the premises, and while the painting was done more than two years prior therto, I find that it was done in a workmanlike manner. However, on all the evidence, I find that there was a novation. Browning had completely relieved Palie from the payment of three hundred dollars ($300) of the purchase price and agreed instead to look to the mortgagee bank for payment of said sum held by it upon his painting of the house to the bank's satisfaction. Under those circumstances, the finding is for the defendant Palie. *Tudor Press, Inc. v. University Distrib. Co.,* 292 Mass. 339,

341. See also *Slotnick v. Smith*, 252 Mass. 303, 306; *Fauchi v. Denehy*, 332 Mass. 691; *Howard Electric & Machine Co. Inc. v. G & K Provision Co.*, 333 Mass. 678."

We think there was no error. There was evidence and the judge specifically found that the bank's attorney at the time of passing papers and with the consent of both parties withheld $300 for the painting of the house. He also found on the evidence that the plaintiff had completely relieved the defendant from the payment of the purchase price and agreed instead to look to the bank for the payment of it. The defendant relinquished all control over it, and had no right or power to affect the disposition of the money. There was a novation. *Tudor Press, Inc. v. University Distributing Co.*, 292 Mass. 339, 341.

A novation is a contract that
    (a)   discharges immediately a previous contractual duty or a duty to make compensation, and
    (b)   creates a new contractual duty, and
    (c)   includes as a party who neither owed the previous duty nor was entitled to its performance.
*Restatement, Contracts* §424.

All of these elements are present in this case.

Novation is a question of fact. *Fauchi v. Danehy*, 332 Mass. 691, 697. The finding is not to be upset unless plainly wrong. *Dolhaim v. Peterson*, 297 Mass. 479, 481; *Bandera v. Donahue*, 326 Mass. 563, 564.

In our opinion there was evidence to

support the judge's finding. *Dolhaim v. Peterson,* 297 Mass. 479, 482.

*Report dismissed.*

Bernard B. Gould of Boston, for the Plaintiff.
Lloyd Ritvo of Boston, for the Defendant.